**STATE of Tennessee, Appellee,**

v.

**Jimmy T. OSBORNE, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Feb. 27, 1986.

Permission to Appeal Denied by Supreme Court April 28, 1986.

Charles R. Ray, Nashville, Tenn., for the appellant.

W.J. Michael Cody, Atty. Gen., Kymberly Lynn Anne Hattaway, Asst. Atty. Gen., Thomas H. Shriver, Dist. Atty. Gen., Richard A. Fisher, Asst. Dist. Atty. Gen., Nashville, Tenn., for the appellee.

## OPINION

DUNCAN, Judge.

The appellant-defendant, Jimmy T. Osborne, has filed an interlocutory appeal, pursuant to Rule 9 of the Rules of Appellate Procedure, seeking a review of the trial court's order granting the State's petition for writ of certiorari and supersedeas and setting the cause for a hearing on its merits.

The State's filing of its petition for writ of certiorari and supersedeas was preceded by the following events:

On September 9, 1983, Officer Greg Frey appeared before the Honorable John P. Brown, Judge of the Davidson County General Sessions Court, and obtained a search warrant for the search of defendant's residence. The search warrant was based upon information given to Officer Frey by an informant.

On February 13, 1984, Judge Brown found that the defendant had adduced sufficient evidence to controvert the facts contained in the affidavit to the search warrant. On the same date, Judge Brown ordered the State to produce its informant for an *in camera* examination. On February 23, 1984, the State filed a motion to reconsider this ruling. Subsequently, Judge Brown denied the motion and again ordered the State to produce the informant. The State advised Judge Brown that the State did not intend to produce the informant and would, instead, submit the case to the grand jury.

On April 27, 1984, Judge Brown quashed the search warrant on the basis that the State had not followed the orders of the court, and he also suppressed all evidence seized pursuant to the search warrant and ordered that the evidence could not be utilized by the State against the defendant in any future proceedings.

On June 18, 1984, the Davidson County Grand Jury returned an indictment charging the defendant with possession of a controlled substance with intent to sell. On July 17, 1984, the defendant filed in the Davidson County Criminal Court a motion to dismiss the indictment on the grounds that he had been deprived of a preliminary hearing, and that the State had procured the indictment in bad faith. The trial court, on August 10, 1984, granted the defendant's motion to dismiss the indictment on the ground that the defendant had not received a preliminary hearing, and remanded the case to the sessions court for a preliminary hearing, apparently on the original arrest warrant.

When the cause came up again in sessions court for a preliminary hearing on August 23, 1984, Judge Brown found that the State did not intend to produce the informant in question, and proceeded to grant the defendant's motion for a "temporary injunction," enjoining the members of the Davidson County District Attorney General's office, and others, "from utilizing the evidence suppressed in future proceedings, including presenting such evidence to the Davidson County Grand Jury to obtain an indictment." The "temporary injunction" order concluded with the statement: "All other matters are reserved." Also, on August 23, 1984, Judge Brown entered another order requiring the State to return to the defendant certain firearms which had been seized at the time the search warrant was executed.

Thereafter, on October 15, 1984, the State filed in the trial court a petition for writ of certiorari and supersedeas, in which it alleged that Judge Brown had exceeded his jurisdiction and had acted illegally in issuing the injunction and in ordering the return of the seized property.

Further, on December 13, 1984, the trial court granted the State's petition, but stayed further proceedings on the petition, pending an interlocutory appeal under Rule 9 of the Rules of Appellate Procedure. In his order, the trial judge stated, among other things, that the injunction granted by the sessions court was not a final order, as contemplated by the appeal requirements of T.C.A. § 27–5–108, and that the State's petition for certiorari was the "proper vehicle to challenge the Order of the General Sessions Court."

We note that on January 17, 1985, another panel of our Court granted the defendant's application for a T.R.A.P. 9 appeal.

The defendant first contends that the trial court erred in granting the State's petition for writ of certiorari and supersedeas, arguing that the State should have sought an appeal pursuant to T.C.A. § 27–5–108, rather than T.C.A. § 27–8–101. We find no merit to this contention.

As previously stated, in its petition for writ of certiorari and supersedeas, the State sought the trial court's review of the sessions court's order which enjoined the prosecution from utilizing in future proceedings evidence seized during the execution of the search warrant. Also, the State sought review of the order returning the firearms seized in the search.

T.C.A. § 27–5–108 allows an appeal as of right to the circuit (or criminal) court within ten (10) days from the date of the judgment, and the appeal is to be heard *de novo* in the circuit court. In a trial *de novo*, the matter is tried anew as if no other trial had occurred. *Hohenberg Bros. Co. v. Missouri Pac. R. Co.*, 586 S.W.2d 117 (Tenn.App. 1979). The judgment of the general sessions court is abrogated. *Roberts v. State*, 212 Tenn. 25, 367 S.W.2d 480 (1963).

■ Obviously, the wording of T.C.A. § 27–5–108 means that before such an appeal can be taken, there must have been a final judgment entered in the general sessions court, and an appeal under this statute cannot be had for the review of interlocutory orders, as were issued by the sessions court in the instant case.

The State's petition in this case was filed pursuant to the provisions of T.C.A. § 27–8–101 (Supp.1985), which provides:

The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy. This section does not apply to actions governed by the Tennessee Rules of Appellate Procedure.

■ We point out that proceedings of general sessions courts are not governed by the Rules of Appellate Procedure. *See* T.R.A.P. 1. Thus, the authority of the State to proceed in the instant case by the certiorari route must be tested by the provisions of the above statute and by prior case rulings.

In *Bragg v. Boyd*, 193 Tenn. 507, 511, 246 S.W.2d 575 (1952), the Court stated that certiorari has traditionally been used to "review proceedings of an inferior tribunal at an intermediate stage and never to review a cause after final judgment."

Further, in *State v. Johnson*, 569 S.W.2d 808 (Tenn.1978), our Supreme Court held that certiorari and supersedeas would lie to inquire into various inferior court actions and rulings, including but not restricted to the following situations:

a. Where the ruling of the Court below represents a fundamental illegality.

b. Where the ruling constitutes a failure to proceed according to the essential requirements of the law.

c. Where the ruling is tantamount to the denial to either party of a day in court.

d. Where the action of the trial judge was without legal authority.

e. Where the action of the trial judge constituted a plain and palpable abuse of discretion.

f. Where either party has lost a right or interest that may never be recaptured.

569 S.W.2d at 815 (citations omitted); *see also State v. Pigford*, 572 S.W.2d 921 (Tenn.1978).

The *Johnson* and *Pigford* cases were decided before the advent of the Rules of Appellate Procedure, and while the issues involved in those cases would now be subject to review by the provisions of the appellate rules, rather than by certiorari, the holdings of those cases are germane to the resolution of the present issues because, as we have stated, sessions courts

are not governed by the Rules of Appellate Procedure.

After considering the foregoing, we are led to the conclusion that the State was authorized to proceed by way of a certiorari petition because the sessions court was without legal authority to issue the two (2) orders in question here.

■ Regarding the injunction order, the sessions court was without legal jurisdiction to enter it. The sessions judge found that he had equitable powers pursuant to T.C.A. § 19–1–109, and that he could render judgments and decrees the same as the courts of chancery. T.C.A. § 19–1–109 provides:

> Any judge of the court of general sessions, and any court of this state, before whom any cause may be pending, by appeal or otherwise, where the subject-matter does not exceed two hundred and fifty dollars ($250), shall hear and determine such cause upon principles of equity, and render such judgment or decree as the merits of the case may require, and in the same manner as courts of chancery.

The above section only authorizes a general sessions court to hear and determine some cases upon principles of equity, and it does not carry with it the authority to issue injunctions. In *Hodges v. Huntington*, 595 S.W.2d 824 (Tenn.App.1979), the Court, relying upon the authority of *Flanagan v. Grocery Co.*, 98 Tenn. 599, 40 S.W. 1079 (1897), held:

> A grant of equity jurisdiction to a court of limited jurisdiction, limited by dollar amount, does not constitute the judge a chancellor nor confer upon the court the extraordinary jurisdiction of a chancellor.

595 S.W.2d at 825.

Moreover, the effect of the injunction in the instant case operates so as to enjoin the further prosecution of the criminal case involved herein. Thus, even if the sessions court had injunctive powers, such could not be used to enjoin the further prosecution of the criminal case. As stated in *Brackner v. Estes*, 698 S.W.2d 637, 639 (Tenn.App.

1985), "[a] court of equity has no jurisdiction to enjoin pending or threatened prosecution for the violation of criminal laws of this State."

Further, the sessions court was only empowered to hold a preliminary hearing for the defendant to determine whether probable cause was present to believe that the defendant had committed the alleged offense, and if so, to bind the case over to the grand jury. If the sessions court found probable cause to be absent, then it was empowered to discharge the defendant. Tenn.R.Crim.P. 5.1(a) and (b); *Solomon v. State*, 529 S.W.2d 743 (Tenn.Cr.App.1975). These powers granted by the rules cannot be extended to include the issuance of an injunction just because the State chose not to call the informant as a witness.

■ The State is not required to call any particular witness in a criminal prosecution, but this does not preclude the accused from compelling a particular witness to be present on his behalf. *Roberts v. State*, 489 S.W.2d 263 (Tenn.Cr.App.1972). In some cases it is necessary to protect the public interest by shielding the identity of an informant. However, where the disclosure of an informant's identity is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege of non-disclosure must give way. In these situations, a court may require disclosure, and if the prosecution withholds the information, then the court may dismiss the action. *See Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).

Thus, in the instant case, if the sessions judge determined that the informant was an indispensable witness regarding the establishment of probable cause for the issuance of the search warrant or for the establishment of probable cause that an offense had been committed by the defendant, then when the State refused to disclose the informant's identity or to produce him, the sessions judge could properly suppress the evidence seized, and, if necessary, could properly dismiss the charge. This was the remedy, rather than the issuance of an invalid injunction.

Additionally, the sessions court was without legal authority to order, over the State's objection, the return of the property seized from the defendant's residence.

Tenn.R.Crim.P. 41(f) allows the return of unlawfully seized property (except contraband). However, if the State objects to such return, then this authority rests with the circuit or criminal courts and not sessions courts. The State is entitled to pursue the prosecution to the next level, without being stripped of its evidence. *See* Committee Comments, Tenn.R.Crim.P. 41.

For all of the foregoing reasons, we find that the sessions judge was without legal authority to issue the orders mentioned herein. Accordingly, the State was entitled to pursue a review of his actions by its petition for writ of certiorari and supersedeas.

The defendant's remaining complaint is that the State's petition for certiorari and supersedeas was not timely filed, contending that the petition was not filed at or before the first regular term of the circuit court held after the rendition by the sessions court of the offending orders.

The cases cited by the defendant in support of this proposition are no longer controlling because, as the trial court correctly found, "terms of court" were abolished by the legislature, effective June 1, 1984. T.C.A. § 16–2–510(b) (Supp.1985).

The questioned orders in the present case were issued on August 23, 1984, and the State's petition was filed on October 17, 1984. We see no unreasonable delay in the filing of the State's petition.

For the reasons stated, we affirm the judgment of the trial court, and the case is remanded to the trial court for further proceedings, consistent with this opinion.

O'BRIEN, J., and ROBERT E. BURCH, Special Judge, concur.