IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 6, 2001 Session

## CHANTAL M. ELDRIDGE v. PUTNAM COUNTY, TENNESSEE

Appeal from the Chancery Court for Putnam County
No. 2000-256      Vernon Neal, Judge

No. M2000-02963-COA-R3-CV - Filed December 18, 2001

This is a case about the Open Records Act as applied to the telephone records of a Drug Task Force. After the Chancery Court of Putnam County ordered the County to produce the records, the County appealed, arguing that the records fit an exception to the Act or that the County should be able at the plaintiff's expense to redact the records to delete confidential information.  We modify the chancellor's order to allow the County to redact the records at their own expense.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed as Modified and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which PATRICIA J. COTTRELL, J. and WALTER C. KURTZ, SP. J., joined.

Jeffrey G. Jones, Cookeville, Tennessee, for the appellant, Putnam County.

Chantal M. Eldridge, Cookeville, Tennessee, Pro Se.

**OPINION**

On March 28, 2000, the plaintiff, Chantal M. Eldridge, submitted a request to inspect the 1991 to 1993 telephone records which were paid for by public funds for the District Attorney General's office for the Thirteenth Judicial Circuit.  Putnam County responded by asserting that some of the records might contain information that should be kept confidential because it pertained to on-going criminal investigations.  When Ms. Eldridge persisted, the County first asserted that it would conduct a review of the records to see whether they contained any privileged information, and then the County demanded a $1,000.00 deposit to cover the cost of hiring former employees to conduct the review.

On August 9, 2000, Ms. Eldridge filed a petition in the Chancery Court of Putnam County asking that she be allowed to inspect and copy the records she sought in her various requests.  The

County denied in its answer that the records she sought were public records and denied that it acted willfully or in bad faith in refusing to disclose them.

Only two witnesses testified at the hearing. A County employee in charge of accounts payable testified that the cellular telephone bills for the Thirteenth Judicial Drug Task Force were paid out of public funds and were treated as any other public record: they were sent to her without any information being deleted; she was not instructed to keep the records secret; and she kept them in a regular file, open for inspection by anyone who made a request and filled out the proper forms.

The District Attorney General who served as Chairman of the Drug Task Force confirmed that there were no oral or written directives given to the County to restrict access to the telephone records. Nor had the Task Force made any efforts to delete any confidential information from the records. He testified that in his opinion the telephone bills could contain the telephone numbers of undercover officers, their family members, and confidential informants. He could not testify about any specific information that should be kept confidential. The District Attorney testified that many of the persons that worked on the Task Force no longer worked there and that to locate them and get them to review the records for confidential information would probably cost the County twenty dollars an hour for their time. That was the reason for the $1,000.00 expense deposit.

The chancellor held that the County had failed to carry its burden of proof to show that the records were not subject to the Public Records Act, Tenn. Code Ann. § § 10-7-503 – 505. The final decree ordered the County to produce the records for the plaintiff's inspection and allowed the plaintiff to copy the records at her own expense.

## II.

Tenn. Code Ann. § 10-7-503(a) provides that all state, county, and municipal records, except those made confidential by Tenn. Code Ann. § 10-7-504(f), and those authorized to be destroyed by Tenn. Code Ann. § 10-7-404, "shall at all times, during business hours, be open for personal inspection by any citizen of Tennessee . . . ." Those in charge of such records are forbidden to refuse any citizen the right to inspect such records "unless otherwise provided by state law." *Id.* The records in question are unquestionably public records; the County does not seriously contend otherwise.

The County insists, however, that the records in question may contain confidential information. Tenn. Code Ann. § 10-7-504(f) protects from disclosure certain employee information, including an employee's unpublished telephone number, bank account information, social security number, and driver license information, except where driving or operating a vehicle is part of the employee's job description or job duties or incidental to the performance of the employee's job. The confidentiality extends to the same information of a member of the employee's immediate family or household. Paragraph (2) of Tenn. Code Ann. § 10-7-504(f) provides that the confidential information shall be redacted whenever possible, but the fact that a file or document contains confidential information shall not be used to limit or deny access to otherwise public information.

The chancellor was correct in finding that the county had failed to show that the records in question contained any confidential information. The casual way in which the telephone records had been kept indicates either that they did not contain any confidential information or that the county was unconcerned about protecting that confidentiality until the petitioner sought access to the records.

We hesitate, however, to take any action that would place anyone's life in danger. If the County shares that concern, it should be allowed, at its own expense, to redact the telephone records to remove any information made confidential by Tenn. Code Ann. § 10-7-504(f). Any redaction, however, will be subject to review by the chancellor. We modify the chancellor's order to that extent.

The County cites *The Tennessean v. Electric Power Board of Nashville*, 979 S.W.2d 297 (Tenn. 1998), as authority for the County's demand for payment of the expenses incurred in finding the confidential information that should be redacted. We find, however, that the two cases are different. In *The Tennessean*, the Supreme Court found that the statutes allowed a recovery for the costs of "making . . . extracts, copies, photographs or photostats" of the records. 979 S.W.2d at 305. So far, the plaintiff has not asked the county for any of these services.

The County also argues on appeal that Tenn. Code Ann. § 10-7-504(g)(1) dealing with police officers working undercover also makes confidential certain information included in the telephone records. This section, however deals with information segregated and kept by the chief law enforcement officer of the entity for which the officer is working. It is not one of the exceptions listed in Tenn. Code Ann. § 10-7-503. So, technically, this section is irrelevant to the issues on appeal, but to the extent that the undercover officer is a state, county, or municipal employee and his/her telephone number is unlisted, it is confidential under Tenn. Code Ann. § 10-7-504(f).

The County also argues that there is an "informer privilege" in Tennessee that would exempt from disclosure any record that contained the identity of a confidential informer. *See State v. Osborne*, 712 S.W.2d 488 (Tenn. Crim. App. 1986); *Roberts v. State*, 489 S.W.2d 263 (Tenn. Crim. App. 1972). We are not here concerned, however, with the informer privilege as it may be applied in the context of a criminal prosecution. We will leave that to the criminal courts. Our Supreme Court in *Memphis Publishing Co. v. Holt*, 710 S.W.2d 513 (Tenn. 1986), held that with respect to a closed investigative file, a public official can only justify refusing a Tennessee citizen access to public records by proving by a preponderance of the evidence that the record comes within a statutory exemption. In *Ballard v. Herzke*, 924 S.W.2d 652 (Tenn. 1996), the Court held that the Public Records Act did not cover documents made exempt from discovery by the Rules of Civil Procedure. This court held in *Arnold v. City of Chattanooga*, 19 S.W.3d 779 (Tenn. Ct. App. 2000) that other exemptions may be found in the common law. To the extent that the County believes any of these exemptions apply to the telephone numbers at issue in this case, they may try to make their case before the chancellor on remand.

## III.

The plaintiff argues that the County's appeal is frivolous and that she should be awarded damages pursuant to Tenn. Code Ann. § 27-1-122. We find, however, that the appeal is not frivolous.

The judgment below is modified as indicated herein, affirmed, and remanded to the Chancery Court of Putnam County for further proceedings. Tax the costs on appeal to the appellant, Putnam County.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.