IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 6, 2008 Session

## BETTY L. GRAHAM v. BOARD OF DIRECTOR LAKE PARK CONDO-SIGNAL VIEW

Appeal from the Circuit Court for Hamilton County
No. 07-C-1084     Jacqueline E. Bolton, Judge

No. E2008-00606-COA-R3-CV - FILED JANUARY 22, 2009

Betty L. Graham ("Plaintiff") sued the Board of Director Lake Park Condo-Signal View[1] ("Defendant") in General Sessions Court for Hamilton County. The General Sessions Court granted summary judgment to Defendant on eight of Plaintiff's ten claims and later dismissed the remaining two claims with prejudice. Plaintiff appealed to the Circuit Court for Hamilton County. The Circuit Court granted partial summary judgment to Defendant on the same eight claims as the General Sessions Court had but did so on the sole basis that the appeal to the Circuit Court was untimely as to those eight claims and, subsequently granted Defendant's motion to dismiss the remaining two claims. Plaintiff appeals to this Court. We reverse the grant of partial summary judgment on the eight claims, and affirm the dismissal of the other two claims.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Reversed, in part; Affirmed, in part; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

Betty Lou Graham, Jasper, Tennessee, Pro Se Appellant.

Scott N. Davis, Chattanooga, Tennessee for the Appellee, Board of Directors Lake Park Condominium Association.

---

[1] Defendant asserts that its name as listed on the Complaint is incorrect. Defendant's appellate brief states "[t]he entity which the Board of Directors serves is Signal View Condominium Association, Inc. which utilizes the assumed name of Lake Park Condominium Association." We also note that the name of Defendant in the style of the case as filed is "Board of Director" rather than "Board of Directors." For the sake of continuity only, we use the name of the Defendant as it appears in the style of the case.

# MEMORANDUM OPINION[2]

Plaintiff sued Defendant in General Sessions Court alleging ten claims. The General Sessions Court granted partial summary judgment to Defendant on eight of those claims finding and holding that the statute of limitations had run as to those eight claims. The General Sessions Court subsequently dismissed the remaining two claims with prejudice.

Plaintiff appealed to the Circuit Court within ten days of the General Sessions Court's dismissal of the last two claims. The Circuit Court entered an order on January 14, 2008 granting partial summary judgment to Defendant on the same eight claims as the General Sessions court had granted summary judgment stating that it found Defendant's motion to be "well taken," and also granting Defendant's motion for more definite statement as to the remaining two claims. On February 19, 2008, the Circuit Court entered an order granting Defendant's motion to dismiss the remaining two claims. Plaintiff then appealed to this Court.

A careful and thorough review of the record on appeal reveals that Defendant's motion for summary judgment filed in Circuit Court was based solely upon Defendant's assertion that Plaintiff failed to file the appeal timely from the General Sessions Court as to the eight claims. It was Defendant's position as stated in its motion that Plaintiff's appeal was untimely as to the summary judgment granted on the eight claims because "Plaintiff failed to appeal these allegations in ten (10) days as required by T.C.A. § 27-5-108."

As pertinent to this appeal, Tenn. Code Ann. § 27-5-108 provides:

> **27-5-108. Appeal from general sessions court. –** (a) Any party may appeal from an adverse decision of the general sessions court to the circuit court of the county within a period of ten (10) days on complying with the provisions of this chapter.

Tenn. Code Ann. § 27-5-108(a) (2000)[3].

As has been stated by Tennessee's appellate courts: "[o]bviously, the wording of T.C.A. § 27-5-108 means that before such an appeal can be taken, there must have been a final judgment entered in the general sessions court, and an appeal under this statute cannot be had for the review of interlocutory orders,…." *State v. Osborne*, 712 S.W.2d 488, 491 (Tenn. Crim. App. 1986). *Accord Jackson Energy Auth. v. Diamond*, 181 S.W.3d 735, 740 (Tenn. Ct. App. 2005) (stating "the ten-day period for seeking a *de novo* review in the Circuit Court began to run when the General

---

[2] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

[3] Tenn. Code Ann. § 27-5-108 was amended in 2008. We quote from the version of Tenn. Code Ann. § 27-5-108 in effect during the relevant time period for the case before us.

Sessions final judgment was entered, and was not tolled by the petition to rehear."); *Leak v. Goodwill*, No. 03A01-9611-CV-00359, 1997 Tenn. App. LEXIS 461, at *4 (Tenn. Ct. App. July 2, 1997), *no appl. perm. appeal filed*, (stating: "[n]otwithstanding there is no such Rule as to the General Sessions Court, we believe that such a Rule is salutary and conclude the purported appeal from General Sessions Court to Circuit Court was premature and does not properly lie until disposition of the case against AT&T, the other Defendant.").

Defendant argues that Plaintiff did not timely appeal the General Sessions Court's summary judgment as to the eight claims because Plaintiff did not appeal to Circuit Court within ten days of the entry of the order in General Sessions Court granting partial summary judgment. However, the grant of partial summary judgment was not a final order as there remained two claims still pending after the entry of that order. The ten days in which to appeal the order as to the eight claims did not begin to run until the remaining claims were dismissed and a final order entered. The appeal to the Circuit Court was filed within ten days of the General Sessions Court's dismissal of Plaintiff's last two claims. Given this, it was error to grant Defendant partial summary judgment on the basis that the eight claims were not appealed timely from the General Sessions Court. We, therefore, reverse the grant of partial summary judgment on the eight claims.

We now consider the two remaining claims that were dismissed. Plaintiff's brief fails to cite to any relevant authority or advance any relevant argument regarding how the Circuit Court may have erred in dismissing these claims.

Rule 27 of the Tennessee Rules of Appellate Procedure specifies that an appellant's brief must contain, *inter alia*:

> (7) An argument, which may be preceded by a summary of argument, setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on;

Tenn. R. App. P. 27(a)(7).

A party's failure to comply with the appellate brief requirements set forth in Tenn. R. App. P. 27 can have dire consequences, as we have warned repeatedly:

> Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue. *See State v. Schaller,* 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997); *Rampy v. ICI Acrylics, Inc.* 898 S.W.2d 196, 210 (Tenn. Ct. App. 1994); *State v. Dickerson,* 885 S.W.2d 90, 93 (Tenn. Crim. App. 1993). Moreover, an issue is waived where it is simply raised without any argument regarding its merits. *See Blair v. Badenhope,* 940 S.W.2d 575, 576-577 (Tenn. Ct.

App. 1996); *Bank of Crockett v. Cullipher,* 752 S.W.2d 84, 86 (Tenn. Ct. App. 1988).

\* \* \*

> As noted in *England v. Burns Stone Company, Inc.,* 874 S.W.2d 32, 35 (Tenn. Ct. App. 1993), parties cannot expect this court to do its work for them. This Court is under no duty to verify unsupported allegations in a party's brief, or for that matter consider issues raised but not argued in the brief. *Duchow v. Whalen,* 872 S.W.2d 692, 693 (Tenn. Ct. App. 1993) (*citing Airline Const. Inc., v. Barr,* 807 S.W.2d 247 (Tenn. Ct. App. 1990)).

*Bean v. Bean*, 40 S.W.3d 52, 55-56 (Tenn. Ct. App. 2000).

As Plaintiff failed to advance any relevant reason why or how the Circuit Court may have erred in dismissing the last two claims, and further failed to cite any relevant authority with regard to this issue, we hold that this issue has been waived. We, therefore, affirm the dismissal of those two claims.

## Conclusion

The judgment of the Circuit Court granting partial summary judgment on the claims enumerated 1-3 and 5-9 is reversed. The judgment of the Circuit Court granting a dismissal of the remaining two claims is affirmed. This cause is remanded to the Circuit Court for further proceedings consistent with this Opinion, and for collection of the costs below. The costs on appeal are assessed against the Appellee, Board of Director Lake Park Condominium Association.

_____
D. MICHAEL SWINEY, JUDGE