# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### September 21, 2011 Session

## U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE v. RODNEY T. RZEZUTKO, ET AL.

### Appeal from the Circuit Court for Knox County
### No. 148810     Dale C. Workman, Judge

### No. E2011-00058-COA-R3-CV-FILED-OCTOBER 25, 2011

Rodney T. Rzezutko and Sandra Rzezutko ("Defendants") appeal a Circuit Court order dismissing Defendants' appeal of a General Sessions Court interlocutory order dated September 21, 2010. U.S. Bank National Association, as trustee ("Plaintiff") raises an issue on appeal with regard to the Circuit Court vacating the General Sessions Court's September 21, 2010 order. We find and hold that the Circuit Court lacked jurisdiction to hear an interlocutory appeal of a General Sessions Court order. The Circuit Court, therefore, correctly dismissed Defendants' appeal. We affirm this dismissal. However, as the Circuit Court lacked jurisdiction, it was error to vacate the September 21, 2010 General Sessions Court order. We, therefore, vacate that portion of the Circuit Court order vacating the September 21, 2010 order, and reinstate the September 21, 2010 General Sessions Court interlocutory order.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed, in part; Vacated, in part; Case Remanded

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., and JOHN W. MCCLARTY, J.J., joined.

James R. Moore, Knoxville, Tennessee, for the appellants, Rodney T. Rzezutko, and Sandra Rzezutko.

Daniel L. Bell, and F. Scott Milligan, Knoxville, Tennessee, for the appellee, U.S. Bank National Association.

# OPINION

## Background

Plaintiff sued Defendants in General Sessions Court upon a detainer warrant. On September 21, 2010, the General Sessions Court entered an order finding and holding, *inter alia*: "That the defendants shall be required to begin paying the sum of $8,500.00 per month, beginning October 1, 2010, and each month thereafter while the subject litigation remains pending." Without question, the September 21, 2010 order was not a final order.

Defendants appealed the September 21, 2010 General Sessions Court order to Circuit Court. The Circuit Court entered an order on December 7, 2010 finding and holding:

> Plaintiff U.S. Bank National Association as Trustee moved the Court to dismiss Defendants' Rodney T. Rzezutko and Sandra Rzezutko's ("the Rzezutkos") appeal of an interlocutory Order of the General Sessions Court entered September 21, 2010 (docketed as Circuit Court Case No. C-10-148810).

> After considering the pleadings and the argument presented, the Court hereby orders that Plaintiff's Motion to Dismiss is hereby **GRANTED** and ORDERS that this matter is hereby remanded back to the General Sessions Court. The Court further ORDERS that the General Sessions Court had no authority to enter the Order for the payment of rent and therefore the interlocutory Order dated September 21, 2010, of the General Sessions Court is vacated. The Court further ORDERS that the trial on Plaintiff's detainer action for possession be set within a reasonable time for adjudication on the merits. The Court further ORDERS that the Appeal being improper, this Court has no jurisdiction and therefore the defendant's [sic] Motion to Strike is moot and the hearing thereon is stricken from the Court's docket.

Defendants appealed to this Court.

## Discussion

Although not stated exactly as such, Defendants raise one issue on appeal: whether the Circuit Court erred in dismissing their appeal of the General Sessions Court's interlocutory order dated September 21, 2010. Plaintiff raises an issue regarding whether the Circuit Court erred in vacating the General Sessions Court's September 21, 2010 interlocutory order.

-2-

As our Supreme Court has explained:

Appeals from the general sessions court are governed by statute, see Tenn. Code Ann. §§ 27-5-101 to - 108 (2000 & Supp. 2010), and by the Tennessee Rules of Civil Procedure. Tenn. R. Civ. P. 1(2) ("The rules shall apply after appeal or transfer of a general sessions civil lawsuit to circuit court."). The application of a statute or the Tennessee Rules of Civil Procedure to the facts of a case is a question of law, which we review de novo. *Larsen-Ball v. Ball*, 301 S.W.3d 228, 232 (Tenn. 2010); *see Thomas v. Oldfield*, 279 S.W.3d 259, 261 (Tenn. 2009).

*Crowley v. Thomas*, 343 S.W.3d 32, 34 (Tenn. 2011).

As pertinent to this appeal, Tenn. Code Ann. § 27-5-108 provides:

**27-5-108. Appeal from general sessions court.**

(a)(1) Any party may appeal from a decision of the general sessions court to the circuit court of the county within a period of ten (10) days on complying with the provisions of this chapter.

\* \* \*

(c) Any appeal shall be heard de novo in the circuit court.

(d) If no appeal is taken within the time provided, then execution may issue.

Tenn. Code Ann. 27-5-108 (Supp. 2011).

In *Graham v. Walldorf Prop. Mgmt.*[1], this Court noted:

As has been stated by Tennessee's appellate courts: "[o]bviously, the wording of T.C.A. § 27-5-108 means that before such an appeal can be taken,

[1]In their brief on appeal, Defendants cite to *Graham v. Bd. of Dir. Lake Park Condo-Signal View*, a Memorandum Opinion of this Court designated not for citation. *Graham v. Bd. of Dir. Lake Park Condo-Signal View*, No. E2008-00606-COA-R3-CV, 2009 Tenn. App. LEXIS 16 (Tenn. Ct. App. Jan. 22, 2009), *Rule 11 appl. perm. appeal denied Aug. 24, 2009*. The *Graham v. Bd. of Dir. Lake Park Condo-Signal View* Opinion contains substantially the same language as *Graham v. Walldorf Prop. Mgmt.*, which we quote in this Opinion. We are puzzled as to why Defendants chose to attempt to cite to *Graham v. Bd. of Dir. Lake Park Condo-Signal View*, which is specifically designated not for citation.

there must have been a final judgment entered in the general sessions court, and an appeal under this statute cannot be had for the review of interlocutory orders,…." *State v. Osborne*, 712 S.W.2d 488, 491 (Tenn. Crim. App. 1986). *Accord Jackson Energy Auth. v. Diamond*, 181 S.W.3d 735, 740 (Tenn. Ct. App. 2005) (stating "the ten-day period for seeking a *de novo* review in the Circuit Court began to run when the General Sessions final judgment was entered, and was not tolled by the petition to rehear."); *Leak v. Goodwill*, No. 03A01-9611-CV-00359, 1997 Tenn. App. LEXIS 461, at *4 (Tenn. Ct. App. July 2, 1997), *no appl. perm. appeal filed*, (stating: "[n]otwithstanding there is no such Rule as to the General Sessions Court, we believe that such a Rule is salutary and conclude the purported appeal from General Sessions Court to Circuit Court was premature and does not properly lie until disposition of the case against AT&T, the other Defendant."). "In Tennessee, a judgment is final 'when it decides and disposes of the *whole* merits of the case leaving nothing for the further judgment of the court.'" *Richardson v. Tennessee Bd. of Dentistry*, 913 S.W.2d 446, 460 (Tenn. 1995) (emphasis in original).

*Graham v. Walldorf Prop. Mgmt.*, No. E2008-00837-COA-R3-CV, 2009 Tenn. App. LEXIS 107, at **12-13 (Tenn. Ct. App. March 19, 2009), *no appl. perm. appeal filed*.

Defendants argue in their brief on appeal that when our General Assembly amended Tenn. Code Ann. § 27-5-108 in 2008 to change 'adverse decision' to 'decision' without including the word 'final' before the word 'decision' that this change allowed any party to appeal any decision of a general sessions court, including interlocutory ones. We disagree.

The removal of the word 'adverse' from the statute clearly was meant to address situations that arise when a party displeased with a decision of a General Sessions Court was unable to appeal because the decision technically was not adverse to that party. An example of just such a situation arose in *Benson v. Herbst*, wherein this Court explained:

The issue … is whether the party seeking to appeal secured a result in the general sessions court that was less favorable than what he or she requested. The more favorable result desired must, of course, be something that was within the power of the general sessions court to grant. The question is not whether the judgment was "adverse" or the party was "dissatisfied" in some abstract, metaphysical sense, but rather whether the judgment was "adverse" or the party "dissatisfied" within the context of a general sessions court proceeding. If, as the defendants claim, Mr. Benson received all the relief the general sessions court could give him, or all the relief he requested from the

-4-

general sessions court, then regardless of the controlling statute, the trial court
had no jurisdiction to entertain the appeal.

*Benson v. Herbst*, 240 S.W.3d 235, 239 (Tenn. Ct. App. 2007) (discussing plaintiff's complaints that the general sessions court judgment was adverse to him, in part, because "his medical bills alone dwarfed the $14,999 awarded by the general sessions court…."). The removal of the word 'adverse' from Tenn. Code Ann. § 27-5-108 did not eliminate the need for a final judgment from the general sessions court in order to file an appeal pursuant to Tenn. Code Ann. § 27-5-108.

We also note that the final subsection of Tenn. Code Ann. § 27-5-108 further supports our interpretation of the statute. Subsection (d) of the statute states that "[i]f no appeal is taken within the time provided, then execution may issue." Tenn. Code Ann. § 27-5-108 (d) (Supp. 2011). If "execution may issue" if no appeal is taken, then the decision subject to appeal must have been a final one as execution would be improper absent a final decision. *Id*.

Adoption of Defendants' position that every interlocutory decision by a general sessions court can immediately be appealed to circuit court would have the potential to create havoc both in the general sessions courts and the circuit courts across this state. The number of appeals from general sessions courts to circuit courts and then on to this Court could increase tremendously. At the same time, general sessions courts would have to determine whether to put the remainder of a case on hold pending resolution of an appeal of an interlocutory order to circuit court and then perhaps on to this Court. Defendants have shown us nothing to support their position that it was the intention of the General Assembly in enacting Tenn. Code Ann. § 27-5-108 to permit piecemeal appeals from general sessions courts to circuit courts. As Defendants have failed to show anything to support the proposition that it was the General Assembly's intention to bring the judicial process to a slow walk, Defendants' position is without merit.

Because the order Defendants appealed to the Circuit Court, i.e., the General Sessions Court's September 21, 2010 order, was not a final order, the Circuit Court correctly determined it lacked jurisdiction to hear the appeal. Thus, the Circuit Court properly granted the motion to dismiss the appeal.

Turning now to Plaintiff's issue, we hold that because the Circuit Court lacked jurisdiction to hear the appeal, it was error to vacate the September 21, 2010 General Sessions Court order. We, therefore vacate that portion of the Circuit Court's December 7, 2010 order vacating the September 21, 2010 General Sessions Court interlocutory order, and we reinstate the September 21, 2010 General Sessions Court interlocutory order.

## Conclusion

The judgment of the Circuit Court dismissing the Defendant's appeal is affirmed, and the judgment of the Circuit Court vacating the September 21, 2010 General Sessions Court interlocutory order is vacated. The September 21, 2010 General Sessions Court interlocutory order is reinstated. This cause is remanded for collection of the costs below. The costs on appeal are assessed against the appellants, Rodney T. Rzezutko, and Sandra Rzezutko, and their surety.

_____
D. MICHAEL SWINEY, JUDGE