IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 17, 2023 Session

## MARY BRADLEY v. CATHERINE A. PESCE

Appeal from the Circuit Court for Shelby County
No. CT-0184-23     Damita J. Dandridge, Judge

_____

### No. W2023-00583-COA-R3-CV
_____

The plaintiff filed a complaint against two parties in general sessions court. One defendant was served, but the other was not. Judgment was entered against the served defendant. Seven months later, the claim against the unserved defendant was voluntarily dismissed. The served defendant then appealed, but the circuit court dismissed the appeal as untimely. Because a final, appealable judgment in the general sessions court was not entered until the claim against the unserved defendant was voluntarily dismissed, we conclude that the served defendant's appeal was timely. Reversed and remanded.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which KENNY ARMSTRONG and CARMA DENNIS MCGEE, JJ., joined.

Andrew H. Owens, Memphis, Tennessee, for the appellant, Catherine A. Pesce.

Murray B. Wells, Memphis, Tennessee, for the appellee, Mary Bradley.

## OPINION

### I.     FACTUAL AND PROCEDURAL BACKGROUND

On March 12, 2020, Plaintiff/Appellee Mary Bradley ("Appellee") filed a civil warrant in the Shelby County General Sessions Court ("the general sessions court") against Appellant/Defendant Catherine A. Pesce ("Appellant") and Defendant Kaliya Weaver. Appellee alleged that she sustained injuries due to the negligent operation of a vehicle by both defendants in March 2019. Appellant was served through her attorney, but the

summons for Ms. Weaver was returned not to be found.

Eventually, judgment was entered against Appellant in the amount of $17,500.00 on June 2, 2022. On November 16, 2022, however, Appellant filed a motion to set aside the judgment against her on the ground that she had no notice of any court proceedings.[1] Therein, Appellant argued that the general sessions court could hear the motion because it still had "jurisdiction over this matter as [Appellee's] claim against the other defendant, [Ms.] Weaver, was not terminated or addressed and is therefore still pending[.]"

On or about January 5, 2023, the general sessions court denied Appellant's motion to set aside the June 2, 2022 judgment.[2] The trial court further ruled that the claim against Ms. Weaver should be nonsuited. The claim against Ms. Weaver was therefore voluntarily dismissed as of January 5, 2023.

On January 9, 2023, Appellant filed a notice of appeal to the Shelby County Circuit Court ("the trial court"). Shortly thereafter, Appellee filed a motion to dismiss the appeal on the basis that Appellant's notice of appeal was untimely. Appellant responded in opposition on February 1, 2023. Therein, Appellant argued that the case in the general sessions court was not final and appealable until the nonsuit of the second defendant on January 5, 2023, and that her notice of appeal, filed less than ten days later, was timely. On February 2, 2023, Appellant filed her own motion to dismiss, arguing that Appellee's personal injury claim was time-barred by the one-year statute of limitations under Tennessee Code Annotated section 28-3-104.

On March 27, 2023, the trial court entered an order dismissing Appellant's appeal on the basis that her notice of appeal was untimely. Therein, the trial court ruled that "final judgment as to [Appellant] was taken in [the general sessions court] on June 2, 2022." The trial court later denied Appellant's motion to dismiss Appellee's complaint as moot. Appellant filed a notice of appeal to this Court on April 24, 2023.

## II.    ISSUES PRESENTED

Appellant presents two issues in this appeal: (1) whether the trial court erred in granting Appellee's motion to dismiss her appeal; and (2) whether the trial court erred in denying Appellant's motion to dismiss Appellee's claim.

## III. ANALYSIS

---

[1] Specifically, Appellant asserted that despite the fact that her counsel filed a notice of appearance in the general sessions court, the notice of the final hearing was not sent to her counsel.

[2] The date of the order is January 5, 2023, however, the certificate of service is dated January 9, 2023.

We begin with the trial court's decision to dismiss Appellant's appeal of the general sessions court's judgment against her on the basis that her notice of appeal was not timely. Relevant to this issue, Tennessee Code Annotated section 27-5-108 provides that "[a]ny party may appeal from a decision of the general sessions court to the circuit court of the county within a period of ten (10) days on complying with this chapter." It is well settled that in the absence of a timely filed notice of appeal, the circuit court lacks subject matter jurisdiction to consider an appeal from the general sessions court. *See* ***Discover Bank v. McCullough***, No. M2006-01272-COA-R3-CV, 2008 WL 245976, at *5 (Tenn. Ct. App. Jan. 29, 2008) ("[U]nless a party perfects its de novo appeal within ten days from the date of the judgment, the circuit court does not obtain jurisdiction over the appeal."); ***Vanderbilt Univ. v. Haynes***, No. M2001-02688-COA-R3-CV, 2003 WL 239819, at *1 (Tenn. Ct. App. Feb. 4, 2003) ("A timely appeal is a mandatory requirement without which the Circuit Court does not obtain jurisdiction."))). We consider the question of the trial court's subject matter jurisdiction de novo, with no presumption of correctness as to the trial court's determination. ***Northland Ins. Co. v. State***, 33 S.W.3d 727, 729 (Tenn. 2000).

There is no dispute that Appellant did not file a notice of appeal within ten days of the June 2, 2022 judgment awarding damages to Appellee. Rather, Appellant asserts that the ten-day time period for appealing did not begin to run until the claim against the second defendant, Ms. Weaver, was nonsuited. Because Appellant's notice of appeal was undisputedly filed within ten days of the order of nonsuit, Appellant asserts that her appeal should not have been dismissed. We agree.

In appeals to this Court, the question of when the time for filing a notice appeal begins to run is easily answered by the Tennessee Rules of Appellate Procedure, as Rule 3 specifically provides as follows:

> [I]f multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

Tenn. R. App. P. 3(a). And this Court has indicated that a case is not final and appealable until a cross-complaint has been adjudicated. *See* ***Daniels v. Trotter***, No. E2020-01452-COA-R3-CV, 2022 WL 2826848, at *2 (Tenn. Ct. App. July 20, 2022) (noting that the parties were required to brief whether the appellate court had jurisdiction as a cross-complaint and counter-complaint were pending in the trial court, but noting that the issue was resolved when those claims were voluntarily dismissed). The Tennessee Rules of Appellate Procedure, however, do not apply to appeals from the general sessions court. *See* ***Wells Fargo Bank, N.A. v. Dorris***, 556 S.W.3d 745, 753 (Tenn. Ct. App. 2017). We have held, however, that we may apply rules similar to the rules of appellate procedure given the language of the statutes applicable to appeals from general sessions courts. ***Id.***

- 3 -

(applying the premature notice of appeal rule applicable under our rules of appellate procedure to an appeal from general sessions court).

The finality rule contained in Rule 3(a) was not a novel concept at the time of the adoption of the Tennessee Rules of Appellate Procedure in 1979. *See **H.D. Edgemon Contracting Co. v. King***, 803 S.W.2d 220, 221 (Tenn. 1991). Rather, Rule 3(a) appears to have merely codified the common law rule that "[a] judgment is final from which an appeal lies as a matter of right when it decides and disposes of the *whole* merits of the case leaving nothing for the further judgment of the court." ***Saunders v. Metro. Gov't of Nashville & Davidson Cnty.***, 214 Tenn. 703, 709, 383 S.W.2d 28, 31 (Tenn. 1964) (citing ***Younger v. Younger***, 90 Tenn. 25, 16 S.W. 78 (Tenn. 1891)). So then, the finality rule is not peculiar to our rules of appellate procedure.

Tennessee courts have therefore specifically held that the finality rule is applicable even in appeals from the general sessions court. For example, in ***State v. Osborne***, 712 S.W.2d 488, 491 (Tenn. Crim. App. 1986), the Court of Criminal Appeals explained that "[o]bviously, the wording of [section] 27-5-108 means that before such an appeal can be taken, there must have been a final judgment entered in the general sessions court, and an appeal under this statute cannot be had for the review of interlocutory orders, as were issued by the sessions court in the instant case." This Court reached the same conclusion despite the inapplicability of Rule 3 in ***Leak v. Goodwill***, No. 03A01-9611-CV-00359, 1997 WL 367229 (Tenn. Ct. App. July 2, 1997). As we explained,

> [W]e note that insofar as we are able to determine there is no rule applicable to the General Sessions Court similar to Rule 3 of the Tennessee Rules of Civil Procedure, which, with certain exceptions, only allows appeals of final judgments.
> Notwithstanding there is no such Rule as to the General Sessions Court, we believe that such a Rule is salutary and conclude the purported appeal from General Sessions Court to Circuit Court was premature and does not properly lie until disposition of the case against AT & T, the other Defendant.

*Id.* at \*2.

Somewhat more recently, we applied the rules set forth in ***Osborne*** and ***Leak*** to hold that the time for filing a notice of appeal did not begin to run until every claim raised in the general sessions court was adjudicated, explaining:

> By order entered on February 20, 2007, the General Sessions Court granted Defendants summary judgment and dismissed Plaintiff's claims 1 through 13. Plaintiff then moved to withdraw claim 14, and the General Sessions Court granted Plaintiff a dismissal without prejudice of this sole remaining

claim by order entered March 26, 2007. Thus, a final order in the General Sessions case, one that decided and disposed of all remaining claims between all parties leaving nothing for the further judgment of the court, was entered on March 26, 2007. Under Tenn. Code Ann. § 27-5-108(a), Plaintiff had ten days from March 26, 2007 in which to appeal to Circuit Court the adverse decision of the General Sessions Court dismissing claims 1 through 13 with prejudice. Plaintiff did not appeal, but instead waited approximately eight months and then filed a complaint in Chancery Court again raising the same claims 1 through 13 against the same Defendants.

*Graham v. Walldorf Prop. Mgmt.*, No. E2008-00837-COA-R3-CV, 2009 WL 723837, at *5 (Tenn. Ct. App. Mar. 19, 2009). We later confirmed that the finality rule applies despite a 2008 amendment to section 27-5-108 that removed a previous limitation allowing an appellant to appeal only an adverse judgment. *See U.S. Bank Nat. Ass'n v. Rzezutko*, No. E2011-00058-COA-R3-CV, 2011 WL 5051428, at *4 (Tenn. Ct. App. Oct. 25, 2011) ("The removal of the word 'adverse' from [section] 27-5-108 did not eliminate the need for a final judgment from the general sessions court in order to file an appeal pursuant to [section] 27-5-108."); *see also Wells Fargo Bank*, 556 S.W.3d at 753–54 ("[T]he case is not final but merely interlocutory pending resolution of all outstanding issues. . . . The same principle applies with regard to appeals in general sessions courts." (citations omitted)). Thus, it is fairly well settled that the judgment of the general sessions court is not appealable until all the claims of all the parties are adjudicated. *See* Tenn. R. Sup. Ct. 4(g)(2) ("Opinions reported in the official reporter . . . shall be considered controlling authority for all purposes unless and until such opinion is reversed or modified by a court of competent jurisdiction.").

Finally, we note that a more recent amendment to section 27-5-108 confirms our understanding. Specifically, in 2018, section 27-5-108 was amended to include the following additional language:

> In civil cases, if one (1) or more of the parties before the general sessions court, on one (1) or more warrants, perfects an appeal of a decision of the general sessions court to the circuit court, as provided in this section, then cross appeals and separate appeals are not required, and upon the filing of a notice of appeal by any party, issues may be brought up for review by any party.

*See* 2018 Tenn. Laws Pub. Ch. 858 (H.B. 2202), eff. May 3, 2018. This language clearly states that even when there are multiple parties to a general sessions court action, only a single notice of appeal is necessary to vest jurisdiction in the circuit court. If a single notice of appeal is sufficient to appeal claims against multiple parties, it is only logical that the appeal does not lie until all claims are adjudicated.

On appeal, however, Appellee argues that the cases above are not controlling because none involved a case in which a remaining party to a lawsuit was never served and therefore "never became a party to the instant litigation[.]" But Appellant cites no law for the proposition that a claim against a party is not a pending claim for purposes of finality unless and until that party is served. Certainly, a judgment against a party over which the court has no personal jurisdiction is void. *Turner v. Turner*, 473 S.W.3d 257, 270, 271 (Tenn. 2015) (noting that a trial court does not have personal jurisdiction over a party who has not been served or given notice in some other manner provided by law). It therefore may be collaterally attacked at any time. *Id.* at 279. But that does not mean that a claim filed against a party need not be dismissed for a final judgment to be entered.

For one, a Tennessee statute specifically provides that "[o]bjections to the jurisdiction of the general sessions court before which the warrant is returned shall be made before the hearing, or they will be considered as waived." Tenn. Code Ann. § 16-15-505. This Court has interpreted section 16-15-505 to mean that "any issues related to the general sessions court's jurisdiction must be raised 'before the hearing, or they will be considered as waived.'" *Assocs. Asset Mgmt., LLC v. Smith*, No. M2019-02217-COA-R3-CV, 2020 WL 6445019, at *3 (Tenn. Ct. App. Nov. 3, 2020) (quoting Tenn. Code Ann. § 16-15-505). We have also held that section 16-15-505 applies to an objection related to service of process. *Metro. Gov't of Nashville & Davidson Cnty. v. Jones*, No. M2020-00248-COA-R3-CV, 2021 WL 1590236, at *4 (Tenn. Ct. App. Apr. 23, 2021), *perm. app. denied* (Tenn. Oct. 14, 2021). Although waiver is not at issue in this case, section 16-15-505 confirms that issues of personal jurisdiction may be waived in general sessions court.[3] And if these objections may be waived, then a jurisdictional defect like the one alleged in this case does not automatically result in a named party "never bec[oming] a party" to the action. Instead, the non-served party is a party unless and until such time as he or she is dismissed. And the claim against that party is pending until it is dismissed or otherwise adjudicated.

This is true even when the non-served party is voluntarily dismissed by the plaintiff. Indeed, the Tennessee Supreme Court has explicitly stated that an order of nonsuit must be entered to commence the running of the appeal period. *See Ewan v. Hardison L. Firm*, 465 S.W.3d 124, 132 (Tenn. Ct. App. 2014) ("[T]he Tennessee Supreme Court held that a written order of dismissal was required in order to facilitate the administrative tasks of assessing costs and commencing the thirty-day appeal period." (citing *Green v. Moore*, 101 S.W.3d 419–20 (Tenn. 2003)). The general sessions court followed this mandate when it entered its order as to Appellee's voluntary dismissal of the claim against Ms. Weaver.

---

[3] This, of course, is similar to the rule applicable in courts of record. *See Ramsay v. Custer*, 387 S.W.3d 566, 569 (Tenn. Ct. App. 2012) (holding that "venue, adequacy of service of process, personal jurisdiction, or other similar matters" may be waived (quoting *Dixie Sav. Stores, Inc. v. Turner*, 767 S.W.2d 408, 410 (Tenn. Ct. App. 1988))).

So then, the general sessions court action in this case was against two parties: Appellant and Ms. Weaver. The judgment against Appellant was not final and appealable until all the claims of all the parties were adjudicated. This occurred on or about January 5, 2023. Appellant's January 9, 2023 notice of appeal was therefore timely. Consequently, the trial court erred in dismissing this appeal for lack of subject matter jurisdiction, and Appellant's appeal is reinstated.

**B.**

Appellant next asserts that the trial court erred in denying her motion to dismiss on the basis of the expiration of the statute of limitations. Here, the trial court denied the motion as moot due to the dismissal of Appellant's appeal. Because we have reversed the trial court's ruling that Appellant's appeal was untimely, we must also reverse the trial court's conclusion that Appellant's motion to dismiss was moot. We will not address, however, the merits of Appellant's motion, as that question should be decided by the trial court on remand, giving the parties an opportunity to litigate this issue more fully. *See **Mid-S. Maint. Inc. v. Paychex Inc.***, No. W2014-02329-COA-R3-CV, 2015 WL 4880855, at *14 (Tenn. Ct. App. Aug. 14, 2015) ("Generally, when the trial court fails to address an issue in the first instance, this Court will not consider the issue, but will instead remand for the trial court to make a determination in the first instance.").

## IV. CONCLUSION

The judgment of the Shelby County Circuit Court is reversed, and this cause is remanded to the trial court for further proceedings consistent with this Opinion. Costs of this appeal are taxed to Appellee Mary Bradley, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE