FILED

12/28/2017

Clerk of the
Appellate Courts

# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
November 14, 2017 Session

## WELLS FARGO BANK, N.A. v. MARCUS DORRIS

**Appeal from the Circuit Court for Shelby County**
**No. CT-002902-16  Rhynette N. Hurd, Judge**

_____

### No. W2017-00617-COA-R3-CV

_____

This case involves the appeal of an action for possession of property initially filed in general sessions court. On appeal to the circuit court, the trial court dismissed the appellant's counterclaims for failure to state a claim upon which relief could be granted. The circuit court thereafter determined that the appeal from general sessions court was not timely. We reverse the circuit court's dismissal of the general sessions appeal for lack of subject matter jurisdiction but affirm the dismissal of the appellant's counterclaims.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed in Part; Affirmed in Part; and Remanded**

J. STEVEN STAFFORD, P. J.,W.S., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J.,M.S., and ARNOLD B. GOLDIN, J., joined.

Drayton D. Berkley, Memphis, Tennessee, for the appellant, Marcus Dorris.

Bradley E. Trammell and Kavita Goswamy Shelat, Memphis, Tennessee, for the appellee, Wells Fargo Bank, N. A.

## OPINION

### Background

This case originated with the filing of a detainer warrant by Plaintiff/Appellee Wells Fargo Bank, N.A. ("Wells Fargo") in Shelby County General Sessions Court ("general sessions court") against Defendant/Appellant Marcus Dorris ("Appellant"). The warrant sought only possession of the property. At the scheduled June 20, 2016 hearing, Appellant did not appear and the general sessions court awarded possession of the property in question to Wells Fargo. The following day, Appellant filed a motion to set aside the judgment and attached, as exhibits, motions to transfer to circuit court and to dismiss, as well as an answer and three counterclaims. In these filings, Appellant sought

to (1) transfer the action to circuit court; (2) dismiss the eviction action; and (3) assert counterclaims for wrongful foreclosure, violation of the federal Truth in Lending Act, and fraudulent suppression of the transfer of the note.

On July 6, 2016, the general sessions court clerk's office issued a writ of possession regarding the subject property. On July 8, 2016, while the post-judgment motion was pending, Appellant filed a notice of appeal to circuit court. On August 9, 2016, the general sessions court entered its order denying the motion to set aside, stating, in relevant part, that the notice of appeal divested the general sessions court of jurisdiction and the parties should proceed with the appeal in circuit court.

The case was transferred to the Shelby County Circuit Court ("trial court") and on October 5, 2016, Wells Fargo filed a motion to dismiss Appellant's counterclaims. The motion did not address whether Appellant's counterclaims were timely raised during the detainer proceeding in general sessions court but instead addressed the substance of Appellant's arguments. On December 9, 2016, the trial court granted Wells Fargo's motion to dismiss Appellant's counterclaims.

The parties then engaged in a period of discovery. On February 13, 2017, however, Wells Fargo filed a motion to enforce the June 20, 2016 judgment of the general sessions court, arguing for the first time that Appellant's appeal was untimely where no notice of appeal had been filed in the ten days following the August 9, 2016 order denying the motion to set aside.[1] On April 7, 2017, the trial court issued an order enforcing the judgment of the general sessions court. The trial court ruled that Appellant failed to file a notice of appeal in the ten days following the general sessions court's denial of the motion to set aside, as required for the trial court to acquire jurisdiction. By

---

[1] Wells Fargo also argued that Appellant's bond filed in connection with his appeal from the general sessions court was not sufficient to comply with Tennessee Code Annotated section 29-18-130(b)(1). The trial court did not rely on this argument in later dismissing Appellant's de novo appeal, and it has not been raised as an issue in this appeal. We therefore express no opinion as to the necessity or appropriateness of a possession bond in this case. *C.f.*, ***Gallatin Hous. Auth. v. Pelt***, No. M2015-01694-COA-R3-CV, 2017 WL 2172917, at *3 (Tenn. Ct. App. May 16, 2017), perm. app. denied (Tenn. Sept. 21, 2017) (citing Tenn. Code Ann. § 29-18-130(b)(1)) ("Once a defendant files a notice of appeal, the plaintiff cannot execute the writ of possession without first posting a bond for 'double the value of one (1) year's rent of the premises,' all costs and damages associated with the wrongful enforcement of the writ, and any judgment rendered on appeal."); *see also* Tenn. R. Civ. P. 62.05 (governing bonds in appeals from judgments ordering possession of real property); *see generally* ***Johnson v. Hopkins***, 432 S.W.3d 840, 844–47 (Tenn. 2013) (discussing appeal bonds in detainer actions historically). Although this Court denied Appellant a stay of the trial court's judgment pending appeal, we note that nothing in the record on appeal states that Appellant has vacated the property, and Wells Fargo has not raised an argument on appeal that this case is moot.

this order, all of the claims raised by the parties had been adjudicated and Appellant filed a timely notice of appeal to this Court.[2]

## Issues Presented

Appellant raises two issues on appeal, which are taken, and slightly restated, from his brief:

1.     Whether the July 8, 2016 notice of appeal transferred subject matter jurisdiction to the trial court from the general sessions court.

2.     Whether the trial court erred in dismissing Appellant's counterclaims against Wells Fargo.

## Subject Matter Jurisdiction

### I.

As an initial matter, we must first determine whether the trial court had subject matter jurisdiction to consider Appellant's appeal from the general sessions court. Subject matter jurisdiction concerns "a court's lawful authority to adjudicate a controversy brought before it[,]" is dependent on the nature of the action and the relief sought, and is determined by reference to the authority granted to the court by the constitution or the General Assembly. *Chapman v. DaVita, Inc.*, 380 S.W.3d 710, 712 (Tenn. 2012) (citing *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996); *Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994); *Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977)). When challenged, the party asserting that the court has subject matter jurisdiction over the controversy bears the burden of proof. *Chapman*, 380 S.W.3d at 712 (citing *Redwing v. Catholic Bishop for the Diocese of Memphis*, 363 S.W.3d 436, 445 (Tenn. 2012)). The "determination of whether subject matter jurisdiction exists is a question of law, our standard of review is de novo, without a presumption of correctness." *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000) (citing *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999)).

To the extent that this case involves the interpretation of a statute, our review is also de novo with no presumption of correctness. *See Rajvongs v. Wright*, 432 S.W.3d 808, 811 (Tenn. 2013). "When the statutory language is clear and unambiguous, we must apply its plain meaning in its normal and accepted use, without a forced interpretation that would limit or expand the statute's application." *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004) (citing *Lipscomb v. Doe*, 32 S.W.3d 840, 844 (Tenn. 2000)).

### II.

---

[2] On April 17, 2017, Appellant applied for an emergency stay of the trial court's judgment in this Court. Appellant's request was denied by order of April 21, 2017.

Appeals from the general sessions court to the circuit court are governed by statute. *See Griffin v. Campbell Clinic, P.A*., 439 S.W.3d 899, 902 (Tenn. 2014). Tennessee Code Annotated section 27-5-108(a) provides: "Any party may appeal from a decision of the general sessions court to the circuit court of the county within a period of ten (10) days on complying with this chapter." *See also* Tenn. Code Ann. 29-18-128 ("An appeal will also lie in suits commenced before general sessions judges, under this chapter [i.e., forcible entry and detainer], within the ten (10) days allowed by § 27-5-108[.]"). The timely filing of a notice of appeal of the general sessions court's judgment is mandatory "and if it is not complied with the [circuit] court has no jurisdiction over the case." *Love v. Coll. Level Assessment Servs., Inc.*, 928 S.W.2d 36, 38 (Tenn. 1996)). "If the appeal is not perfected within the ten-day period, the general sessions court's judgment becomes final and execution may issue." *Griffin*, 439 S.W.3d at 902 (citing Tenn. Code Ann. § 27-5-108(d)).

This time period is altered, however, by application of Tennessee Code Annotated section 16-15-727, which provides:

> (a) Tenn. R. Civ. P. 60.01, regarding clerical mistakes, shall apply to all courts of general sessions. The general sessions judge shall have the authority under the same circumstances and in the same manner as is provided in Tenn. R. Civ. P. 60.01 to correct such mistakes.

> (b) Tenn. R. Civ. P. 60.02, regarding mistakes, inadvertence, excusable neglect, fraud and other similar reasons set out in that rule, shall apply to all courts of general sessions. A motion under the general sessions court's authority under Tenn. R. Civ. P. 60.02 shall be filed within ten (10) days of the date of judgment. Once filed, the motion shall toll the ten-day period for seeking de novo review in the circuit court until the determination of the motion is concluded. Thereafter, an appeal for de novo review in the circuit court shall be filed within ten (10) days of the general sessions court's ruling on the motion to relieve a party or the parties' legal representative from a final judgment, order or proceeding in the same manner as provided in Tenn. R. Civ. P. 60.02.[3]

Thus, a party dissatisfied with the judgment of the general sessions court may seek to set aside that judgment by the timely filing of a motion under section 16-15-727(b). When such a motion is timely filed, the time for perfecting a de novo appeal to the circuit court is tolled until such time as the motion to set aside is adjudicated.

---

[3] Section 16-15-727 was amended in 2007 to add subsection (b). *See* 2007 Pub. Acts, c. 443, § 1, eff. June 18, 2007. Prior to this amendment, the law did not provide an avenue to seek correction of a general sessions court judgment except to correct a clerical mistake. *See, e.g., Caldwell v. Wood*, No. W2003-00303-COA-R3-CV, 2004 WL 370299, at *3 (Tenn. Ct. App. Feb. 27, 2004) (holding that in the absence of clear statutory authority, the general sessions court has no authority to set aside its own judgment).

4

In this case, the timeline is not in dispute. Here, the general sessions court entered its judgment for possession on June 20, 2015. The very next day, Appellant filed his motion to set aside pursuant to section 16-15-727(b). Thus, Appellant's motion was timely filed and tolled the time for perfecting a de novo appeal to the circuit court. Had Appellant waited to file his notice of appeal until the ten days following the general sessions court's ruling on his motion to set aside, there would be no question that the circuit court obtained jurisdiction to consider Appellant's de novo appeal. Rather than wait to file his notice of appeal, however, Appellant chose to prematurely file his notice of appeal on July 8, 2016, prior to the general sessions court's ruling on the motion to set aside.[4]

Wells Fargo essentially argues that because the general sessions court had not adjudicated Appellant's motion to set aside, Appellant's July 8, 2016 notice of appeal was of no effect. Under Wells Fargo's interpretation of section 16-15-727, Appellant was therefore required to file a second notice of appeal in the ten days following the general sessions court's denial of the motion to set aside. In the absence of a notice of appeal filed within this ten-day window, Wells Fargo asserts that Appellant failed to timely perfect his appeal.

In contrast, Appellant argues that the filing of his notice of appeal was timely due to the tolling provision of section 16-15-727 and that his July 8, 2016 notice of appeal, while premature, immediately vested the circuit court with jurisdiction to consider his appeal. Respectfully, we cannot agree. In support for this argument, Appellant cites this Court's decision in ***Born Again Church & Christian Outreach Ministries, Inc. v. Myler Church Building Systems of the Midsouth, Inc.***, 266 S.W.3d 421 (Tenn. Ct. App. 2007). In ***Born Again Church***, the trial court rendered judgment in favor of the plaintiff. Because of an error, the defendant filed its notice of appeal one day outside the thirty day time limit for appealing to this Court. ***Id.*** at 423. On the same day, the defendant also filed a motion pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure to be relieved of the judgment. ***Id.*** The trial court denied the defendant's request for relief from the judgment on the basis that no excusable neglect had been shown. ***Id.*** at 424. The defendant thereafter filed a timely notice of appeal from the order denying the Rule 60.02 motion.

The Court of Appeals raised, sua sponte, the issue of the trial court's jurisdiction to adjudicate the defendant's Rule 60.02 motion. ***Id.*** The Court ruled, however, that the contemporaneous filing of the notice of appeal had the effect of immediately depriving

---

[4] It appears that Appellant's decision to file his notice of appeal at this time may have been catalyzed by the general sessions court's issuance of a writ of possession on July 6, 2016. *See* Tenn. Code Ann. § 29-18-126 ("No execution or writ of possession shall issue against the defendant upon any judgment, under this chapter, until after the lapse of ten (10) days from the rendition of the judgment."). At the time the writ of possession was issued, ten days had elapsed from the entry of the judgment, but the pending motion to set aside had not been adjudicated. No issue has been raised as to the propriety of this practice in Appellant's statement of the issues.

the trial court of jurisdiction to consider the Rule 60.02 motion, which could have had the effect of relieving the defendant from the final adverse judgment. *Id.* at 425 (quoting *State v. Snowden*, 2006 WL 1303946, at *2 (Tenn. Crim. App.2006)) ("'[O]nce the notice of appeal was filed, the jurisdiction of [the appellate] court attached, and, correlatively, the trial court lost jurisdiction."). In other words, "had [the defendant] filed only the Rule 60.02 motion for relief from the final judgment, without more, the trial court would have had subject matter jurisdiction to consider the motion." *Id.* Thus, we held that "the trial court 'has no jurisdiction to consider a [Rule 60] motion after a notice of appeal has been filed.'" *Born Again Church*, 266 S.W.3d at 425 (quoting *Spence v. Allstate Ins. Co.*, 883 S.W.2d 586, 595 (Tenn. 1994)).

We cannot conclude that the same is true in this case. As an initial matter, a motion pursuant to section 16-15-727(b) is not a Rule 60.02 motion, but rather a separate motion applicable only in general sessions courts. *See generally* Tenn. R. Civ. P. 1 (stating that the rules of civil procedure generally do not apply in general sessions courts except in limited circumstances). As such, Rule 60.02's reasonable time limits have been found inapplicable to section 16-15-727 motions. *First Cmty. Fin. Servs. v. Simmons*, No. M2010-01597-COA-R3-CV, 2011 WL 2416680, at *2 (Tenn. Ct. App. June 10, 2011) (holding that the movant cannot rely on the "reasonable time" standard applicable to true Rule 60.02 motions in filing their section 16-15-727 motion). Instead, section 16-15-727 provides that a motion to set aside in the general sessions court must be filed in the ten days following the judgment before the judgment becomes final. *See R & F Enterprises, Inc. v. Penny*, No. E2009-00007-COA-R3-CV, 2010 WL 624048, at *2 (Tenn. Ct. App. Feb. 22, 2010) (holding that the general sessions court was without authority to set aside its judgment under Rule 60.02 because the motion was filed more than ten days after the date of that judgment); *see also Griffin*, 439 S.W.3d at 902 (noting that a general sessions court judgment becomes final when no appeal is perfected). Also unlike Rule 60.02, section 16-15-727 expressly provides that the time for filing a notice of appeal is tolled where such a motion is timely filed. In contrast, the Tennessee Rules of Civil Procedure provide that a Rule 60.02 motion does not toll the time for taking an appeal. *See* Tenn. R. Civ. P. 59.01 (stating that motions under Rules 50.02, 52.02, 59.07, and 59.04 "are the only motions contemplated in these rules for extending the time for taking steps in the regular appellate process"); *see also* Tenn. R. App. P. 4(b) (noting that where one of the above motions is filed, "the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion"). As such, while a motion under section 16-15-727(b) may only succeed when a movant can show grounds under Rule 60.02, the procedure of a section 16-15-727(b) motion is not identical to a Rule 60.02 motion. Procedural rules that are applicable to a Rule 60.02 motion are therefore not necessarily applicable to motions filed pursuant to section 16-15-727(b).

Because a motion under section 16-15-727 is filed prior to the general sessions court's judgment becoming final, we find caselaw interpreting Rule 59.04 of the Tennessee Rules of Civil Procedure instructive. Like section 16-15-727 motions, Rule

59.04 motions are filed prior to the date a judgment becomes final and have the effect of tolling the time period for filing an appeal. *See* Tenn. R. Civ. P. 59.04 ("A motion to alter or amend a judgment shall be filed and served within thirty (30) days after the entry of the judgment."); *see also* Tenn. R. Civ. P. 59.01 (stating that Rule 59.04 motions are among the motions that toll the time for taking an appeal); Tenn. R. Civ. P. 62.01 ("Except as otherwise provided in this Rule, no execution shall issue upon a judgment, nor shall proceedings be taken for its enforcement until the expiration of 30 days after its entry."). Thus, while a section 16-15-727(b) motion may be granted only on grounds as specified in Rule 60.02, the procedure is more akin to that under Rule 59.04.

Consequently, while **Born Again Church** and other caselaw surrounding Rule 60.02 indicate the result had this case actually involved a Rule 60.02 motion, caselaw is equally clear as to the proper result had this case actually involved a Rule 59.04 motion filed in circuit or chancery court. Under that circumstance, the premature filing of a notice of appeal prior to the adjudication of a timely filed Rule 59.04 does not immediately divest the trial court of jurisdiction to adjudicate the pending motion. *See* **Waters v. Ray**, No. M2006-01453-COA-R3-CV, 2008 WL 2557360, at *4 (Tenn. Ct. App. June 25, 2008) (holding that where a litigant files a notice of appeal prior to the adjudication of a pending Rule 59.04 motion, "the trial court retain[s] jurisdiction over [the] timely-filed Rule 59 motion[.]"). This holding is required by the plain language of the Tennessee Rules of Appellate Procedure, which state:

> The trial court retains jurisdiction over the case pending the court's ruling on any timely filed motion specified in subdivision (b) or (c) of this rule [i.e., A Rule 59.04 motion]. If a motion specified in either subdivision (b) or (c) is filed within the time permitted by the applicable rule referred to in that subdivision, the filing of a notice of appeal prior to the filing of the motion, or the filing of a notice of appeal prior to the trial court's ruling on an earlier filed motion, does not deprive the trial court of jurisdiction to rule upon the motion.

Tenn. R. App. P. 4(e). Rule 4 likewise would determine the issue of whether a notice of appeal was valid even where it was filed prior to the adjudication of the pending motion. Thus, "[a] notice of appeal filed prior to the trial court's ruling on a timely specified motion shall be deemed to be premature and shall be treated as filed after the entry of the order disposing of the motion and on the day thereof." *Id.*; *see also* **Netters v. Tennessee Bd. of Prob. & Parole**, No. M2012-01591-COA-R3-CV, 2012 WL 5462841, at *2 (Tenn. Ct. App. Nov. 7, 2012); *c.f.* **Glover v. Glover**, No. E2002-01690-COA-R3-CV, 2003 WL 465606, at *2 (Tenn. Ct. App. Feb. 25, 2003) (holding that a trial court had jurisdiction to consider a Rule 59.04 motion notwithstanding that the motion was filed the same day as a notice of appeal).[5] Accordingly, had this case involved an actual Rule

---

[5] **Glover** was decided prior to the adoption of Rule 4(e), which specifically provides that the trial court is not deprived of jurisdiction to adjudicate a specified post-trial motion where a litigant files a premature

7

59.04 motion, Appellant's filing of the notice of appeal prior to the adjudication of the pending motion would not deprive the general sessions court of jurisdiction to adjudicate the pending motion but would serve to perfect Appellant's appeal of the judgment following the adjudication of the pending motion.

Unfortunately, Rule 4 of the Tennessee Rules of Appellate Procedure is not applicable in appeals from the general sessions court to the circuit court. *See* Tenn. R. App. P. 1 ("These rules shall govern procedure in proceedings before the Supreme Court, Court of Appeals, and Court of Criminal Appeals."); ***State v. Osborne***, 712 S.W.2d 488, 491 (Tenn. Crim. App. 1986) ("[P]roceedings of general sessions courts are not governed by the Rules of Appellate Procedure."). *But see* ***Baxley v. Baxley***, No. E2015-00243-COA-R3-CV, 2015 WL 8352630, at *3 (Tenn. Ct. App. Dec. 9, 2015) (citing Rule 4 in the context of an appeal from the general sessions court to the circuit court) (discussed in detail, *infra*). From our research, Tennessee statutes do not contain any similar rules applicable in general sessions court. As such, we must determine whether a similar rule should apply given the plain language of the statutes applicable to appeals from general sessions courts. *See* ***Caldwell v. Wood***, No. W2003-00303-COA-R3-CV, 2004 WL 370299, at *2 (Tenn. Ct. App. Feb. 27, 2004) ("The jurisdiction of General Sessions Courts is limited to that set out by statute.").

From our review, the rationale for Rule 4(e) appears to stem from the fact that the Rule 59.04 motion was filed prior to the judgment becoming final and results in the finality of the judgment being deferred pending resolution of the motion. *See* ***Glover***, 2003 WL 465606, at *2–3 (allowing the trial court to consider a timely post-trial motion even filed contemporaneously with a notice of appeal because the post-trial motion renders the judgment non-final, even in the absence of an express rule requiring such a result). As such, the case is not final but merely interlocutory pending resolution of all outstanding issues. *See* ***Richardson v. Tennessee Bd. of Dentistry***, 913 S.W.2d 446, 460 (Tenn. 1995) (citing ***Saunders v. Metropolitan Gov't of Nashville & Davidson County***,

---

notice of appeal. *See* ***Holladay v. Speed***, 208 S.W.3d 408, 414 n.3 (Tenn. Ct. App. 2005) (recognizing the amendment that went into effect on July 1, 2005). In another case decided prior to the 2005 amendment, however, this Court held that the trial court was divested of jurisdiction where the notice of appeal was filed **before** the filing of the Rule 59.04 motion. *See* ***Spann v. Abraham***, 36 S.W.3d 452, 461 (Tenn. Ct. App. 1999) (no perm. app. filed); *see also* ***Holladay***, 208 S.W.3d at 414 (noting that a party seeking relief from a judgment pursuant to Rule 59 "**arguably** was required to seek an order of remand from the appellate court" if the post-trial motion was filed after the filing of a notice of appeal) (emphasis added). In ***Glover***, we made clear that the basis of our ruling was that no final judgment was entered at the time of the filing of the notice of appeal because the post-trial motion was pending. ***Glover***, 2003 WL 465606, at *3 (holding that an appeal as of right could not be had "[i]f there are matters pending before the trial court[.]"). Thus, the rule in ***Glover*** appeared to apply where a notice of appeal is filed contemporaneously or after the filing of a post-trial motion but before adjudication of the motion. *See id.* In contrast, the rule in ***Spann*** appeared to apply when the notice of appeal was filed prior to the filing of a post-trial motion. ***Spann***, 36 S.W.3d at 461. Appellant's notice of appeal was filed after the filing of his motion to set aside pursuant to section 16-15-727(b). As such, the situation in ***Glover*** is more analogous to the facts of this case.

8

214 Tenn. 703, 383 S.W.2d 28, 31 (Tenn. 1964)) ("[A] judgment is final . . . when it decides and disposes of the *whole* merits of the case leaving nothing for the further judgment of the court."). The same principle applies with regard to appeals in general sessions courts. For example, in *Graham v. Walldorf Prop. Mgmt.*, No. E2008-00837-COA-R3-CV, 2009 WL 723837 (Tenn. Ct. App. Mar. 19, 2009), this Court held that under Tennessee Code Annotated section 27-5-108, "'before such an appeal can be taken, there must have been a final judgment entered in the general sessions court, and an appeal under this statute cannot be had for the review of interlocutory orders[.]'" *Id.* at *5 (quoting *State v. Osborne*, 712 S.W.2d 488, 491 (Tenn. Crim. App. 1986)). Later, we confirmed this rule despite an amendment to section 27-5-108 to place it in its current form. *See U.S. Bank Nat. Ass'n v. Rzezutko*, No. E2011-00058-COA-R3-CV, 2011 WL 5051428, at *4 (Tenn. Ct. App. Oct. 25, 2011) ("The removal of the word 'adverse' from [section] 27-5-108 did not eliminate the need for a final judgment from the general sessions court in order to file an appeal pursuant to [section] 27-5-108.").

This Court considered a similar issue prior to the adoption of the Tennessee Rules of Appellate Procedure and came to a similar result. *See Johnson v. Johnson*, 40 Tenn. App. 655, 657, 292 S.W.2d 472 (Tenn. Ct. App. 1956). In *Johnson*, the plaintiff took an appeal of the trial court's judgment within thirty days as required by statute. *Id.* at 473. Before thirty days had elapsed from the judgment, however, the plaintiffs also filed a petition to rehear. *Id.* The defendants argued on appeal that the initial appeal deprived the trial court of the jurisdiction to consider the petition to rehear. *Id.* The Court of Appeals disagreed, holding that the judgment remained within the trial court's jurisdiction for the entire thirty day period following the judgment in which time the parties were permitted to appeal or file petitions to rehear. *Id.* at 474–76. As we explained:

> [T]he Chancery Court does not lose jurisdiction of the cause, and the jurisdiction of the Court of Appeals does not attach until thirty days have expired from the entry of the decree in which an appeal was prayed and granted. During that time the Chancellor may vacate or modify his former decree upon his own motion or upon the motion of either party litigant. Neither of the parties can deprive the Chancellor of his jurisdiction of the cause during such thirty days by filing an appeal bond.

*Id.* at 476. In reaching this decision, the court looked to various statutes governing the time to appeal the decision and the time to file a petition to rehear, rather than an express rule requiring this result.

The statutory language governing appeals from the general sessions court to the circuit court compels us to reach the same result. As noted above, appeals from the general sessions courts must be filed within ten days from the date of the final judgment. *See* Tenn. Code Ann. § 27-5-108(a). In addition, a motion under section 16-15-727(b) must be filed in the same ten day period and serves to toll the time for filing an appeal. See Tenn. Code Ann. § 16-15-727(b). Like the court in *Johnson*, we must conclude that

9

a party cannot deprive the general sessions court of its statutory authority to adjudicate a timely filed section 16-15-727(b) motion by filing an intervening notice of appeal. To so hold would be to improperly limit the general sessions court's authority, which has been conferred by the Tennessee General Assembly. As such, we conclude that the filing of the July 8, 2016 notice of appeal did not immediately divest the general sessions court of jurisdiction to consider the pending section 16-15-727(b) motion.

Our determination that the general sessions court had jurisdiction to adjudicate the pending section 16-15-727(b) motion, however, does not end the inquiry because we must next determine whether the filing of the notice of appeal prior to the adjudication of this motion was fatal to Appellant's appeal. Again, it is well-settled that premature notices of appeal to this Court are valid and timely. *See* Tenn. R. App. P. 4(d) ("A prematurely filed notice of appeal shall be treated as filed after the entry of the judgment from which the appeal is taken and on the day thereof."). In at least one case, this Court has applied a similar rule in the context of appeals to the circuit court from general sessions court. *See* ***Baxley v. Baxley***, No. E2015-00243-COA-R3-CV, 2015 WL 8352630 (Tenn. Ct. App. Dec. 9, 2015). In ***Baxley***, the general sessions court granted the petitioner a one-year extension on an order of protection. More than ten days following the purported judgment, the respondent filed a notice of appeal. ***Id.*** at *1. The circuit court transferred the appeal to this Court, ruling that an appeal from an order granting an order of protection should be to the Court of Appeals. ***Id.*** at *2. The Court of Appeals disagreed, holding that Tennessee Code Annotated section 36-6-601 clearly provides that an appeal from a final ruling on an order of protection entered in the general sessions court "shall be to the circuit or chancery court of the county." ***Id.*** (citing Tenn. Code Ann. § 36-3-601(3)(F)).

On appeal, however, the petitioner argued that the circuit court lacked jurisdiction because the respondent's notice of appeal was filed more than ten days following the judgment. ***Baxley***, 2015 WL 8352630, at *2 (citing Tenn. Code Ann. § 36-3-601(3)(F) (stating that an appeal from a final order of protection must be filed within ten days)). The Court of Appeals again disagreed, holding that the order at issue was not final because no certificate of service was included in the order, as required by Tennessee Code Annotated section 36-3-609. ***Baxley***, 2015 WL 8352630, at *2 (citing Tenn. Code Ann. § 36-3-609(a) (stating that an order "shall be considered entered" when the order is signed by the judge and all the parties, or signed by the judge and contains a certificate of service that the order had been served on all non-signing parties)). Because no final order had been entered, the time for filing an appeal had not expired. ***Baxley***, 2015 WL 8352630, at *3. Relevant to this appeal, we indicated that once a final order was entered, respondent could proceed with his appeal to the circuit court notwithstanding that his notice of appeal was prematurely filed. ***Id.*** (citing Tenn. R. App. P. 4(d)) ("We remand this case to the sessions court for entry of a final order. Once entered, [respondent] may pursue his de novo appeal with the circuit court.").

Based upon the persuasive authority of ***Baxley***, we conclude that the same should be true in this case. Importantly, Wells Fargo cites no caselaw, nor has our research revealed any, that holds that a notice of appeal filed in general sessions court is of no effect when its it filed prior to the conclusion of the action, either by final order or through the adjudication of a pending section 16-15-727(b) motion. Indeed, from our review, cases decided prior to the current version of our Rules of Appellate Procedure that held that a premature notice of appeal to this Court was a nullity did so based upon the express language of the rules applicable at that time, rather than on common law principles. *See **Steele v. Wolfe Sales Co.***, 663 S.W.2d 799, 802 (Tenn. Ct. App. 1983) (quoting Tenn. R. App. P. 4(b) (1982) ("A notice of appeal filed before the filing or disposition of any of the above motions [under Rules 50.02, 52.02, or 59.03] shall have no effect. . . . A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.")); *c.f.* ***Griggs v. Provident Consumer Disc. Co.***, 459 U.S. 56, 61, 103 S. Ct. 400, 403, 74 L. Ed. 2d 225 (1982) (holding that a premature notice of appeal was a nullity based upon a 1979 amendment to the Federal Rules of Appellate Procedure that expressly stated that a notice of appeal filed prior to the disposition of a timely post-trial motion "shall have no effect"). *But see **United States v. Cortes**,* 895 F.2d 1245, 1246 (9th Cir. 1990) (holding that, in the absence of an express rule applicable in criminal cases stating that a premature notice of appeal is a nullity, the premature filing of a notice of appeal was valid because to hold otherwise would be to create a trap for "unwary" appellants).[6] In contrast, nothing in Tennessee statutory law expressly states that a premature notice of appeal filed in general sessions court "shall have no effect."

From our review of the record, we conclude that to impose a rule disallowing premature notices of appeal in general sessions courts would likewise be a trap for unwary litigants. Importantly, the rule allowing premature notices of appeal to this Court is well-settled. Given that no statute expressly disallows this practice, we see no benefit in treating cases differently in general sessions courts where the result would be to dismiss otherwise appropriately perfected appeals. In the totality of the circumstances, including the absence of an express rule disallowing the premature filing of a notice of appeal in general sessions court and the persuasive authority in ***Baxley***, we conclude that a notice of appeal filed while a timely section 16-15-727(b) is pending will be treated as a prematurely filed notice of appeal and will be sufficient to perfect the appellant's appeal

---

[6] Rule 4 of the Federal Rules of Appellate Procedure was later amended to expressly provide in civil cases as follows:

> If a party files a notice of appeal after the court announces or enters a judgment--but before it disposes of any motion listed in Rule 4(a)(4)(A)--the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

Fed. R. App. P. 4(B)(i).

11

once the general sessions court disposes of the section 16-15-727 motion. Because Appellant's motion to set aside was timely, his premature notice of appeal was sufficient to perfect his appeal to the circuit court. The trial court therefore erred in ruling that it lacked jurisdiction to adjudicate Appellant's de novo appeal.

## Appellant's Counterclaims

### I.

Although the trial court dismissed Appellant's appeal for lack of subject matter jurisdiction, the trial court had previously ruled that Appellant's counterclaims should be dismissed for failure to state a claim upon which relief can be granted pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure. Having determined that the trial court had subject matter jurisdiction to consider Appellant's appeal, we will proceed to consider whether the trial court correctly dismissed these claims on non-jurisdictional grounds.

A Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss a complaint for failure to state a claim upon which relief can be granted tests the legal sufficiency of the complaint. *Lanier v. Rains*, 229 S.W.3d 656, 660 (Tenn. 2007). It admits the truth of all relevant and material allegations, but asserts that such allegations do not constitute a cause of action as a matter of law. *See Riggs v. Burson*, 941 S.W.2d 44, 47 (Tenn. 1997). When considering a motion to dismiss for failure to state a claim upon which relief can be granted, we are limited to an examination of the complaint alone. *See Wolcotts Fin. Serv., Inc. v. McReynolds*, 807 S.W.2d 708, 710 (Tenn. Ct. App. 1990). The basis for the motion is that the allegations in the complaint, when considered alone and taken as true, are insufficient to state a claim as a matter of law. *See Cornpropst v. Sloan*, 528 S.W.2d 188 (Tenn. 1975). Although allegations of pure legal conclusion will not sustain a complaint, *see Ruth v. Ruth*, 213 Tenn. 82, 372 S.W.2d 285, 287 (Tenn. 1963), a complaint "need not contain in minute detail the facts that give rise to the claim," so long as the complaint does "contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Donaldson v. Donaldson*, 557 S.W.2d 60, 61 (Tenn. 1977); *White v. Revco Discount Drug Centers*, 33 S.W.3d 713, 718, 725 (Tenn. 2000). In short, a Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss seeks only to determine whether the pleadings state a claim upon which relief can be granted, and such a motion challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof. *Bell ex rel. Snyder v. Icard*, 986 S.W.2d 550, 554 (Tenn. 1999). In considering such a motion, the court should construe the complaint liberally in favor of the plaintiff, taking all the allegations of fact therein as true. *See Cook ex. rel. Uithoven v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn.1994). However, we are not required to accept as true factual inferences or conclusions of law. *Riggs*, 941 S.W.2d at 47–48. An appellate court should uphold the grant of a motion to dismiss only when it appears that the plaintiff can prove no set of

facts in support of a claim that will entitle him or her to relief. **Young v. Barrow**, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003).

We further note that Tennessee Rule of Civil Procedure 12.02(6) motions are not designed to correct inartfully drafted pleadings. **Dobbs v. Guenther**, 846 S.W.2d 270, 273 (Tenn. Ct. App. 1992). However, a complaint should not be dismissed, no matter how inartfully drafted, if it states a cause of action. **Id.** (citing **Paschall's, Inc. v. Dozier**, 219 Tenn. 45, 407 S.W.2d 150, 152 (Tenn. 1966); **Collier v. Slayden Bros. Ltd. Partnership**, 712 S.W.2d 106, 108 (Tenn.Ct.App.1985)). Nonetheless, there is no duty on the part of the court to create a claim that the pleader does not spell out in his complaint. **Utter v. Sherrod**, 132 S.W.3d 344 (Tenn. Ct. App. 2003). But while we should not endeavor to create claims where none exist, we must always look to the substance of the pleading rather than to its form. **Dobbs**, 846 S.W.2d at 273 (citing **Donaldson v. Donaldson**, 557 S.W.2d 60, 62 (Tenn. 1977)).

## II.

In the counterclaims attached to his motion to set aside,[7] Appellant asserted three counterclaims, all of which were dismissed by the trial court. On appeal, Appellant asserts that the dismissal of only a single claim was in error: wrongful foreclosure due to failure to transmit a valid acceleration letter. Accordingly, we will consider only whether the trial court erred in dismissing this claim.

In his counterclaim, Appellant made the following allegation: "[Wells Fargo] never transmitted an acceleration letter that was compliant with the Deed of Trust." In making this assertion, Appellant contended that federal law required an acceleration letter be sent to Appellant after he was four months behind on his mortgage and that the letter meet certain regulatory requirements, such as stating the entire amount delinquent and a statement of the all the costs required to be paid for the mortgage to be reinstated. Appellant alleged, however, that "[n]o such letter was transmitted prior to Wells Fargo accelerating the debt, declaring [Appellant] in default or the initiating of foreclosure proceedings." The trial court dismissed this claim on two bases: (1) that Wells Fargo had no responsibility to send an acceleration letter; and (2) that Appellant failed to plead any damages related to the failure to send a valid acceleration letter. On appeal, Appellant's argument has changed somewhat. Rather than asserting that "no . . . letter" was sent by Wells Fargo, Appellant now asserts that the letter sent by Wells Fargo was not timely. Indeed, in his brief, Appellant indicates that a letter was sent by Wells Fargo on June 16, 2014, which timing did not comply with federal law because Appellant was not yet one-hundred days delinquent on his debt. *See* 12 C.F.R. § 1024.41(f)(1) ("A servicer shall not make the first notice or filing required by applicable law for any judicial or non-judicial

---

[7] Wells Fargo did not argue in the trial court or on appeal that the attachment of Appellant's counterclaims to his motion to set aside was insufficient to place this claim before the trial court. As such, we assume for purposes of appeal that Appellant's counterclaims were properly filed.

foreclosure process unless: . . . (i) A borrower's mortgage loan obligation is more than 120 days delinquent; (ii) The foreclosure is based on a borrower's violation of a due-on-sale clause; or (iii) The servicer is joining the foreclosure action of a superior or subordinate lienholder."). Appellant asserts that the failure to comply with this federal law makes Wells Fargo liable for "actual damages to the borrower as the result of the failure" under the Real Estate Settlement Procedures Act ("RESPA"). 12 U.S.C.A. § 2605(f) (applicable where a mortgage servicer fails to comply with certain notice requirements).

Wells Fargo does not dispute that federal law is applicable to Appellant's mortgage but asserts that even if Wells Fargo violated 12 C.F.R. § 1024.41(f)(1) and RESPA,[8] Appellant has failed to show any actual damages as a result, as required by section 2605(f). We agree.

Recently, the United States Court of Appeals for the Seventh Circuit held that even where a mortgage servicer's action "fell slightly short of full compliance as a technical matter, a RESPA claim must fail where the borrower could not show actual damages 'as a result' of any failure to comply with RESPA response duties." ***Perron on behalf of Jackson v. J.P. Morgan Chase Bank, N.A.***, 845 F.3d 852, 857 (7th Cir. 2017) (citing 12 U.S.C.A. § 2605(f)). Where a plaintiff has specifically pleaded damages that result from the violation of RESPA, however, federal courts have held that dismissal was improper. *See **Marais v. Chase Home Fin. LLC***, 736 F.3d 711, 721 (6th Cir. 2013) (reversing dismissal of the plaintiff's RESPA action where the plaintiff pleaded that she suffered interest damages and damages related to preparing documents that "flow[ed]" from the servicer's failure to comply with RESPA). Likewise in Tennessee, a plaintiff alleging a tort action must "aver[] facts sufficient to show the existence of a duty owed by a defendant, a breach of the duty, and damages resulting therefrom." ***McCloud v. Bradley***, 724 S.W.2d 362, 365 (Tenn. Ct. App. 1986); *see also **Miltier v. Bank of Am., N.A.***, No. E2010-00537-COA-R3-CV, 2011 WL 1166746, at *1 (Tenn. Ct. App. Mar. 30, 2011) (describing a claim for wrongful foreclosure as a tort action). Actual damages consist of "[a]n amount awarded to . . . compensate for a proven injury or loss; damages that repay actual losses." *Black's Law Dictionary* 445 (9th ed. 2009). *But see **F.A.A. v. Cooper***, 566 U.S. 284, 294, 132 S. Ct. 1441, 1450, 182 L. Ed. 2d 497 (2012) ("Because the term 'actual damages' has this chameleon-like quality, we cannot rely on any all-purpose definition but must consider the particular context in which the term appears."). As pointed out by Appellant in his brief, in the context of damages pursuant to section 2605(f), federal courts have held that emotional damages may be included in the types of actual damages recoverable. *See **Perron***, 845 F.3d at 858 (citing ***Catalan v. GMAC Mort. Corp.***, 629 F.3d 676, 681 (7th Cir. 2011)); ***Wienert v. GMAC Mortg. Corp.***, No. 08-CV-14482, 2009 WL 3190420, at *11 (E.D. Mich. Sept. 29, 2009).

---

[8] Wells Fargo does not admit that 12 C.F.R. § 1024.41(f)(1) was violated in this case. We need not decide this issue.

After a thorough review of Appellant's pleadings, however, we find no specific allegations related to the issue of damages resulting from the alleged RESPA violation. Appellant does assert that he was damaged both "financially and emotionally" by the alleged **wrongful foreclosure**, but provides no allegations that Appellant was damaged specifically "as a result of" Wells Fargo's failure to send the acceleration letter in a timely manner. *See **Perron***, 845 F.3d at 857; *see also **Marais***, 736 F.3d at 721. Indeed, as previously discussed, Appellant now relies on an allegation regarding the timeliness of the acceleration letter that was not even mentioned in Appellant's counterclaims.[9] "It is well-settled that an appellant is bound by the evidentiary theory set forth [in the trial court], and may not change theories on appeal." ***State v. Alder***, 71 S.W.3d 299, 303 (Tenn. Crim. App. 2001); *see also **Bledsoe v. Buttry***, No. E2003-01576-COA-R3-CV, 2004 WL 2378247, at *8 (Tenn. Ct. App. Oct. 25, 2004) (applying this rule in civil court). Here, Appellant cannot prevail in overturning the dismissal of his counterclaim on the basis of previously unpleaded theories. Rather, because Appellant's counterclaim contains no factual allegations that Appellant suffered actual damages as a result of the RESPA violation now alleged, the trial court did not err in dismissing this claim.

## Conclusion

The judgment of the Shelby County Circuit Court is reversed in part and affirmed in part. This cause is remanded to the trial court for further proceedings. Costs of this appeal are taxed one-half to Appellant Marcus Dorris, and his surety, and one-half to Appellee Wells Fargo Bank, N.A., for all of which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE

---

[9] For example, Appellant's counterclaim does not include an allegation that had the acceleration letter been sent in accordance with federal law, he would have been able to cure his default and prevent the foreclosure.

15