IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 1, 2023

## MICHAEL ADAMS v. SHAVETTA CONNER ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-3566-22     Gina C. Higgins, Judge**
_____

### No. W2023-00151-COA-R3-CV
_____

This case originated in general sessions court with the filing of a pro se civil warrant. The defendant also filed a cross-complaint against the plaintiff. The plaintiff's civil warrant was quickly dismissed in the general sessions court. The defendant/cross-plaintiff eventually obtained a judgment against the plaintiff/cross-defendant. The plaintiff/cross-defendant promptly filed a notice of appeal. The trial court dismissed the plaintiff's appeal of the dismissal of his civil warrant due to his notice of appeal being untimely. The trial court also dismissed the plaintiff's appeal of the judgment on the cross-complaint for failure to prosecute. We reverse both rulings and reinstate the plaintiff's appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J. and JEFFREY USMAN, J., joined.

Michael Ray Adams, Memphis, Tennessee, Pro se.

Robert L.J. Spence, Jr., and Alexxas J. Johnson, Memphis, Tennessee, for the appellee, Shavetta Conner.

### MEMORANDUM OPINION[1]

_____

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

# I. FACTUAL AND PROCEDURAL HISTORY

This case began on or about February 25, 2021, when Plaintiff/Appellant Michael R. Adams ("Appellant") filed a pro se civil warrant against Defendant/Appellee Shavetta Conner ("Appellee") in the Shelby County General Sessions Court ("the general sessions court"). The civil warrant was assigned docket number 2078272. According to the civil warrant, Appellant was injured while performing work on Appellee's property.

On or about March 23, 2021, Appellee filed a cross-complaint against Appellant, which was assigned docket number X2078272.[2] The cross-complaint sought damages for negligence, harassment, malicious prosecution, fraud, and lost wages, as well as attorney's fees.

On August 12, 2021, the original civil warrant was dismissed without prejudice for "want of prosecution." Appellant did not appeal this ruling at this time.

Eventually, Appellee was awarded $600.00 in damages in connection with her cross-complaint. Although the judgment is undated, both parties agree that that this judgment was entered on August 15, 2022, as reflected in a general sessions court docket sheet stating that a trial took place on that date.[3] In any event, on August 19, 2022, Appellant filed a notice of appeal to the Shelby County Circuit Court ("the trial court"), citing "Case ID: 2078272."

In the trial court, Appellee immediately filed a motion to dismiss any appeal of the dismissal of Appellant's original civil warrant on the ground that Appellant did not timely appeal that judgment.

On October 10, 2022, Appellant filed an amended complaint alleging defamation, intentional infliction of emotional distress, gross negligence, malicious prosecution, filing false allegations, and personal injury, seeking $500,000.00 in punitive and compensatory damages.

On October 19, 2022, Appellee filed a second motion to dismiss and to limit the issues presented in the appeal. Therein, Appellee explained that because the trial court lacked subject matter jurisdiction over Appellant's appeal of the dismissal of his original civil warrant, the amended complaint should likewise be dismissed. Appellee therefore

---

[2] The "X" was handwritten on the civil warrant, while the docket number was typed.
[3] This docket sheet is labeled in the side margin as applying to docket number 2078272 as a whole and contains entries concerning both the initial civil warrant under that docket number and the cross-complaint under X2078272.

asked that the trial court enter "an Order limiting the issues of this action to the issues raised in Appellee's general sessions cross action."

Appellant responded in opposition to Appellee's motion to dismiss on October 21, 2022. Therein, Appellant argued, inter alia, that "the final judgment in case # 2078272(GS) came on 8-15-2022, where plaintiff filed an appeal of that judgment on 8-19-[2022] to the Circuit Court." Thereafter, Appellant filed a number of motions in support of his claim that he was entitled to a de novo hearing on his complaint and in furtherance of his effort to have the cross-complaint dismissed. Two letters sent by Appellant to the trial court judge were also filed in the record.

On February 13, 2023, the trial court entered an order granting Appellee's motion to dismiss "upon merits and for lack of prosecution." Therein, the trial court ruled that Appellant "had until August 23, 2021 to file an appeal of the dismissal [of Appellant's general sessions court civil warrant] entered on August 12, 2021." So the trial court dismissed Appellants appeal "as to all of Appellant's claims arising in tort or any other cause of action previously dismissed by the General Sessions Court on August 12, 2021." The trial court further ruled that Appellant's appeal of Appellee's judgment on the cross-complaint filed in general sessions court would likewise be dismissed for failure to prosecute.[4] Appellant thereafter appealed to this Court.

## II. ISSUES PRESENTED

Appellant raises four issues in this appeal, primarily arguing that the trial court erred in not allowing him the de novo hearing to which he was entitled. In our view, this appeal involves two questions: (1) whether the trial court lacked subject matter jurisdiction to consider Appellant's appeal of the August 12, 2021 dismissal of his civil warrant; and (2) whether the trial court erred in dismissing Appellant's appeal of the $600.00 judgment on the cross-complaint for failure to prosecute. We conclude that the trial court erred in both respects.

## III. ANALYSIS

As an initial matter, we note that Appellant is proceeding pro se in this appeal, as he did in the proceedings in both the trial court and the general sessions court. "While entitled to fair and equal treatment before the courts, a pro se litigant is still required to comply with substantive and procedural law as do parties represented by counsel." *Gilliam v. Gilliam*, No. M2007-02507-COA-R3-CV, 2008 WL 4922512, at *3 (Tenn. Ct. App. Nov. 13, 2008) (citing *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)).

---

[4] Before the trial court entered its order of dismissal, Appellant filed a premature motion to hold the judgment in abeyance based on the trial court's oral ruling. In its final order, the trial court ruled that all pending motions not previously ruled upon were denied.

As explained by this Court, "[t]he courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." *Jackson v. Lanphere*, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011) (quoting *Hessmer*, 138 S.W.3d at 903 (internal citations omitted)). "[T]he courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer*, 138 S.W.3d at 903. We keep these principles in mind as we consider the two issues presented in this case.

**A.**

We begin with the trial court's decision to dismiss Appellant's appeal of the August 12, 2021 dismissal of his general sessions court judgment. As best we can discern, the trial court dismissed this portion of Appellant's appeal on the basis that his notice of appeal was not timely. Relevant to this issue, Tennessee Code Annotated section 27-5-108 provides that "[a]ny party may appeal from a decision of the general sessions court to the circuit court of the county within a period of ten (10) days on complying with this chapter." It is well settled that in the absence of a timely filed notice of appeal, the circuit court lacks subject matter jurisdiction to consider an appeal from the general sessions court. *See Discover Bank v. McCullough*, No. M2006-01272-COA-R3-CV, 2008 WL 245976, at *5 (Tenn. Ct. App. Jan. 29, 2008) ("[U]nless a party perfects its de novo appeal within ten days from the date of the judgment, the circuit court does not obtain jurisdiction over the appeal."); *Vanderbilt Univ. v. Haynes*, No. M2001-02688-COA-R3-CV, 2003 WL 239819, at *1 (Tenn. Ct. App. Feb. 4, 2003) ("A timely appeal is a mandatory requirement without which the Circuit Court does not obtain jurisdiction.").

On appeal, Appellee asserts that the trial court was correct to dismiss this portion of Appellant's appeal because the ten-day time period for appealing the dismissal of Appellant's civil warrant began on the day that the civil warrant was dismissed, August 12, 2021. Because Appellant's notice of appeal was filed over a year later, Appellee contends that the trial court lacked subject matter jurisdiction to hear any appeal of the dismissal. In his reply brief, Appellant contends that the trial court erred because he filed his notice of appeal within ten days of the August 15, 2022 final judgment in the general sessions court.[5]

---

[5] We note that Appellant's brief on this issue is fairly deficient and incorrectly focuses on the dismissal in the general sessions court, rather than the dismissal in the trial court. *See* Tenn. R. App. R. 27(a) (providing the mandatory requirements for appellate briefs). Still, Appellee has not asserted that Appellant's arguments on appeal are subject to waiver. Appellee has also fully briefed the issue of subject matter jurisdiction. *See Shaw v. Gross*, No. W2017-00441-COA-R3-CV, 2018 WL 801536, at *4 n.5 (Tenn. Ct. App. Feb. 9, 2018) (holding that an issue would be considered despite deficient briefing when the "[a]ppellees were not deprived of the opportunity to address this issue on appeal because it was fully addressed in their brief"). We have previously found good cause to excuse deficient briefing "when 'the appellant is self-represented, [the court's] ability to address the sole issue appealed is not hindered by the

- 4 -

[omit] Thus, the resolution of this issue turns on whether Appellant was required to appeal the dismissal of his civil warrant within ten days of the August 12, 2021 judgment dismissing it, or within ten days of the August 15, 2022 judgment adjudicating Appellee's cross-claim. If the former, the trial court did not err in dismissing that portion of Appellant's appeal. If the latter, the trial court's dismissal must be reversed. We consider the question of the trial court's subject matter jurisdiction de novo, with no presumption of correctness as to the trial court's determination. ***Northland Ins. Co. v. State***, 33 S.W.3d 727, 729 (Tenn. 2000).

In appeals to this Court, such a question is easily answered by the Tennessee Rules of Appellate Procedure, as Rule 3 specifically provides as follows:

> [I]f multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

Tenn. R. App. P. 3(a). And this Court has indicated that a case is not final and appealable until a cross-complaint has been adjudicated. *See **Daniels v. Trotter***, No. E2020-01452-COA-R3-CV, 2022 WL 2826848, at *2 (Tenn. Ct. App. July 20, 2022) (noting that the parties were required to brief whether the appellate court had jurisdiction as a cross-complaint and counter-complaint were pending in the trial court, but noting that the issue was resolved when those claims were voluntarily dismissed). The Tennessee Rules of Appellate Procedure, however, do not apply to appeals from the general sessions court. *See **Wells Fargo Bank, N.A. v. Dorris***, 556 S.W.3d 745, 753 (Tenn. Ct. App. 2017). We have held, however, that we may apply rules similar to the rules of appellate procedure given the language of the statutes applicable to appeals from general sessions courts. ***Id.*** (applying the premature notice of appeal rule applicable under our rules of appellate procedure to an appeal from general sessions court).

The finality rule contained in Rule 3(a) was not a novel concept at the time of the adoption of the Tennessee Rules of Appellate Procedure in 1979. *See **H.D. Edgemon Contracting Co. v. King***, 803 S.W.2d 220, 221 (Tenn. 1991). Rather, Rule 3(a) appears to have merely codified the common law rule that "[a] judgment is final from which an appeal

---

deficiencies, or the gravity of the issues is such that resolution is necessary.'" ***City of Memphis v. Edwards by & Through Edwards***, No. W2022-00087-SC-R11-CV, 2023 WL 4414598, at *1 (Tenn. July 5, 2023) (per curium order) (quoting ***City of Memphis v. Edwards by & Through Edwards***, No. W2022-00087-COA-R3-CV, 2023 WL 2159244, at *11 (Tenn. Ct. App. Feb. 22, 2023) (Stafford, J., dissenting), *vacated*, 2023 WL 4414598) citing Tenn. R. App. P. 2)). All three considerations are present in this case. Given these considerations, Appellee's decision not to assert waiver on appeal, and the fact that Appellee was not deprived of an opportunity to address this issue on appeal, we will consider this issue notwithstanding Appellant's deficient brief.

lies as a matter of right when it decides and disposes of the *whole* merits of the case leaving nothing for the further judgment of the court." ***Saunders v. Metro. Gov't of Nashville & Davidson Cnty.***, 214 Tenn. 703, 709, 383 S.W.2d 28, 31 (Tenn. 1964) (citing ***Younger v. Younger***, 90 Tenn. 25, 16 S.W. 78 (Tenn. 1891)). So then, the finality rule is not peculiar to our rules of appellate procedure.

This Court has therefore specifically held that the finality rule is applicable even in appeals from the general sessions court. For example, in ***State v. Osborne***, 712 S.W.2d 488, 491 (Tenn. Crim. App. 1986), the Court of Criminal Appeals explained that "[o]bviously, the wording of [section] 27-5-108 means that before such an appeal can be taken, there must have been a final judgment entered in the general sessions court, and an appeal under this statute cannot be had for the review of interlocutory orders, as were issued by the sessions court in the instant case." This Court reached the same conclusion despite the inapplicability of Rule 3 in ***Leak v. Goodwill***, No. 03A01-9611-CV-00359, 1997 WL 367229 (Tenn. Ct. App. July 2, 1997). As we explained,

> [W]e note that insofar as we are able to determine there is no rule applicable to the General Sessions Court similar to Rule 3 of the Tennessee Rules of Civil Procedure, which, with certain exceptions, only allows appeals of final judgments.
>
> Notwithstanding there is no such Rule as to the General Sessions Court, we believe that such a Rule is salutary and conclude the purported appeal from General Sessions Court to Circuit Court was premature and does not properly lie until disposition of the case against AT & T, the other Defendant.

*Id.* at *2.

Somewhat more recently, we applied the rules set forth in ***Osborne*** and ***Leak*** to hold that the time for filing a notice of appeal did not begin to run until every claim raised in the general sessions court was adjudicated, explaining:

> By order entered on February 20, 2007, the General Sessions Court granted Defendants summary judgment and dismissed Plaintiff's claims 1 through 13. Plaintiff then moved to withdraw claim 14, and the General Sessions Court granted Plaintiff a dismissal without prejudice of this sole remaining claim by order entered March 26, 2007. Thus, a final order in the General Sessions case, one that decided and disposed of all remaining claims between all parties leaving nothing for the further judgment of the court, was entered on March 26, 2007. Under Tenn. Code Ann. § 27-5-108(a), Plaintiff had ten days from March 26, 2007 in which to appeal to Circuit Court the adverse decision of the General Sessions Court dismissing claims 1 through 13 with prejudice. Plaintiff did not appeal, but instead waited approximately eight

months and then filed a complaint in Chancery Court again raising the same claims 1 through 13 against the same Defendants.

***Graham v. Walldorf Prop. Mgmt.***, No. E2008-00837-COA-R3-CV, 2009 WL 723837, at *5 (Tenn. Ct. App. Mar. 19, 2009). We later confirmed that the finality rule applies despite a 2008 amendment to section 27-5-108 that removed a previous limitation allowing an appellant to appeal only an adverse judgment. *See **U.S. Bank Nat. Ass'n v. Rzezutko***, No. E2011-00058-COA-R3-CV, 2011 WL 5051428, at *4 (Tenn. Ct. App. Oct. 25, 2011) ("The removal of the word 'adverse' from [section] 27-5-108 did not eliminate the need for a final judgment from the general sessions court in order to file an appeal pursuant to [section] 27-5-108."); *see also **Wells Fargo Bank***, 556 S.W.3d at 753–54 ("[T]he case is not final but merely interlocutory pending resolution of all outstanding issues. . . . The same principle applies with regard to appeals in general sessions courts." (citations omitted)). Thus, it is fairly well settled that the judgment of the general sessions court is not appealable until all the claims of all the parties are adjudicated. *See* Tenn. R. Sup. Ct. 4(g)(2) ("Opinions reported in the official reporter . . . shall be considered controlling authority for all purposes unless and until such opinion is reversed or modified by a court of competent jurisdiction.").[6]

In this case, after Appellant filed his civil warrant, Appellee chose to file a cross-complaint against Appellant, which was assigned the same docket number other than the addition of an "X," presumably to refer to the nature of the cross-complaint.[7] For a final appealable judgment to be entered, all the claims of all the parties must have been adjudicated. *See **Saunders***, 383 S.W.2d at 31. This includes Appellee's cross-complaint. *See **Daniels***, 2022 WL 2826848, at *2. So then, a final, appealable judgment was not entered until Appellee's cross-complaint was adjudicated, which occurred on or about August 15, 2022. Appellant's August 19, 2022 notice of appeal was therefore timely. As a result, the trial court erred in dismissing the portion of Appellant's appeal seeking de novo review of his civil warrant.

---

[6] We note that section 27-5-108 was amended in 2018 to include the following additional language:

> In civil cases, if one (1) or more of the parties before the general sessions court, on one (1) or more warrants, perfects an appeal of a decision of the general sessions court to the circuit court, as provided in this section, then cross appeals and separate appeals are not required, and upon the filing of a notice of appeal by any party, issues may be brought up for review by any party.

*See* 2018 Tenn. Laws Pub. Ch. 858 (H.B. 2202), eff. May 3, 2018. This amendment, like the 2008 amendment, does not alter the finality requirement found by previous panels of this Court. Rather, this amendment supports those decisions: if a single notice of appeal is sufficient to appeal claims against or by multiple parties, resulting in a single appeal of all claims, it is only logical that the appeal does not lie until all of those claims are adjudicated.

[7] Regardless of the addition of the X in the cross-complaint's docket number, a docket sheet in the record indicates that the two complaints were treated as a single case in the general sessions court.

**B.**

As noted above, the trial court also dismissed Appellant's appeal of the judgment entered in Appellee's favor on her cross-claim on the basis of failure to prosecute. Appellant appears to assert that this was error, as he argues he was entitled to a de novo hearing in the trial court as to the issues raised in the general sessions court.[8] We agree.

As previously discussed, the trial court here dismissed Appellant's appeal of the judgment issued on the cross-complaint for failure to prosecute. Nothing in the record indicates that Appellee ever filed a motion seeking to have Appellant's appeal dismissed on this basis. This Court has held that it is clearly within the power of the court "sua sponte to dismiss for failure to prosecute." *Engler v. Karnes Legal Servs.*, No. W2006-02443-COA-R3-CV, 2008 WL 2219279, at *2 (Tenn. Ct. App. May 29, 2008) (citing *Townsend Sci. Tr. v. Food Tech. Invs., L.P.*, No. W2005-00835-COA-R3-CV, 2006 WL 47433, at *2 (Tenn. Ct. App. Jan. 11, 2006)). But the Tennessee Supreme Court has held that "barring exceptional circumstances, a trial court should always give proper notice to the parties that it is considering a sua sponte dismissal of a lawsuit, even for failure to prosecute." *Regions Bank v. Prager*, 625 S.W.3d 842, 850 n.6 (Tenn. 2021).

After our review of the record, Appellant received no notice that his appeal was in jeopardy for failure to prosecute and no exceptional circumstances are apparent from the record that would justify the lack of notice. Indeed, the bulk of the proceedings in the trial court prior to the order of dismissal concerned Appellant's appeal of the August 12, 2021 dismissal of his civil warrant. None of Appellee's motions to dismiss asked that the appeal of her judgment be dismissed, only that the issues be limited to those involving the judgment on the cross-complaint. Thus, while Appellant did fail to appear at one hearing, it is not clear from the record that the issue of Appellant's appeal of the judgment against him relative to the cross-complaint was even in dispute at this hearing. And it certainly cannot be stated that Appellant failed to otherwise appear prior to that final hearing, as he appeared for other hearings and filed a multitude of motions in the trial court repeatedly asking for a de novo hearing. Finally, to the extent that Appellant did fail to appear, the proper remedy would have been judgment by default, not dismissal of his appeal. *See* Tenn.

---

[8] Again, this question is only vaguely raised by Appellant's brief in that Appellant asserts that it was an abuse of discretion for the trial court to dismiss his appeal without the de novo hearing to which he was entitled under Tennessee Code Annotated section 27-5-108. Appellant also asserts in his brief that if the case is remanded, the trial court should consider Appellant's pending motions. In at least two of his motions, Appellant disputes the judgment against him on the cross-complaint, arguing that Appellee had insufficient evidence to support the claim against him. Appellee, however, does not address the trial court's dismissal of Appellant's appeal of the judgment on the cross-complaint in any fashion in her appellate brief. Still, similar considerations that led this Court to find good cause to address the first issue, *supra*, along with considerations of completeness, lead us to reach the same conclusion as to this issue. *See Edwards*, 2023 WL 4414598, at *11 (quoting *Edwards*, 2023 WL 2159244, at *11, (Stafford, J., dissenting)).

Code Ann. § 27-5-106(a) (stating that if "the appellant fails to appear and prosecute the appeal, if such appellant is the original defendant, the plaintiff shall have judgment final, by default, for the amount of the judgment of the court of general sessions court"). Thus, it appears that the trial court's decision to dismiss Appellant's appeal of the judgment on the cross-complaint must be reversed. As a result, Appellant's entire appeal is reinstated, and this matter is remanded for a de novo hearing.

## IV. CONCLUSION

The judgment of the Shelby County Circuit Court is reversed, and this cause is remanded to the trial court for further proceedings consistent with this Opinion. Costs of this appeal are taxed to Appellee Shavetta Conner, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE